[Civ. No. 19917.   First Dist., Div. Three.   Jan. 30, 1962.]

SIMON HARDWARE COMPANY, Cross-complainant and Appellant, v. PACIFIC TIRE AND RUBBER COMPANY, Cross-defendant and Respondent.*

Miller, Williams & Larson for Cross-complainant and Appellant.

Hagar, Crosby & Rosson and Justin M. Roach, Jr., for Cross-defendant and Respondent.

DEVINE, J.—Plaintiff alleges in her complaint that she was injured as the result of the blowout of a tire which she had purchased from Simon Hardware Company, and she seeks damages for breach of an implied warranty. She states a cause for negligence, but in very general terms, and only

*This case was appealed under the title of Harcourt v. Simon Hardware Co.

against fictitious defendants. Simon Hardware generally denies and sets up affirmative defenses, but there is no issue before us on this appeal as between plaintiff and Simon Hardware. The issue in the case relates to the first amended cross-complaint of Simon Hardware against Pacific Tire & Rubber Company, cross-defendant. In said cross-complaint Simon Hardware alleges: (1) that Simon Hardware bought certain tires from Pacific Tire, and, on information and belief, that one of these tires has been supplied to plaintiff by Simon Hardware, and that, should it be determined that Simon Hardware is liable to plaintiff, this would have been caused by active and primary negligence of Pacific Tire; (2) an implied agreement of indemnity by Pacific Tire to Simon Hardware; (3) express warranty of safety and suitability of the tires; (4) implied warranty thereof. The cross-complaint states that an actual controversy exists between cross-complainant and cross-defendant in that the former avers and the latter denies that full liability rests with cross-defendant.

The cross-complaint contains allegations that all of the obligations of the parties arose from the same transaction and all of them should be settled in the same action, and that cross-complainant will be subject to unreasonable burden at the risk of irreparable injury if all of such rights of the respective parties are not now determined. Cross-complainant prays for judgment declaring the rights and duties of the cross-defendant; that if the court determines that any sum is due to plaintiff, the court determine that liability is that of cross-defendant, and, generally, for reimbursement for all losses by reason of breaches of warranty. There is a prayer for counsel fees and costs.

Pacific Tire filed a general demurrer on the ground that each of the causes does not state facts sufficient to state a cause of action. Following argument and submission of briefs, the court sustained the demurrer without leave to amend, and made its judgment of dismissal without prejudice to the filing of a separate action, and awarding costs in the sum of $13.50 to cross-defendant. From that judgment Simon Hardware appeals.

The court did not give its reasons for the order sustaining the demurrer without leave to amend. Respondent, the cross-defendant, in submitting the demurrer, filed a memorandum of points and authorities in which respondent urged upon the court: (1) that the cross-complaint sounds in indemnity and that cross-complainant would not be entitled to recover with-

out payment under the provisions of subdivision 2 of section 2778 of the Civil Code, which provides that there may not be a recovery upon indemnity against claims, demands or damages without payment thereof; and (2) that, under the provisions of section 1061 of the Code of Civil Procedure, which provides that the court may refuse to exercise declaratory relief where the declaration is not necessary or proper at the time under all the circumstances, the court in this particular action should so exercise its discretion as to deny declaratory relief.

We cannot tell from the record whether the court relied upon one or the other, or both, of these propositions. Although the emphasis in the respondent's brief is upon the second of these propositions, the first one is not expressly abandoned and we must make brief comment upon it. The second cause of action of the cross-complaint is based upon an alleged implied contract of indemnity, but the third and fourth causes are upon alleged breaches of implied and express warranties, respectively, and the first cause of action, although not clearly stated, is also based upon breaches of warranty. ▮ An action for breach of warranty by an intermediate purchaser may be maintained even though the purchaser has not settled with the subpurchaser or suffered judgment. (*Grupe* v. *Glick,* 26 Cal.2d 680, 690 [160 P.2d 832]; *Moore* v. *Hubbard & Johnson Lumber Co.,* 149 Cal.App.2d 236, 242 [308 P.2d 794]; *Riesen* v. *Leeder,* 193 Cal.App.2d 580 [14 Cal.Rptr. 469].) Indeed, in the last of these cases it was held that the intermediate purchaser must bring his action within the period set forth in the appropriate statute of limitations (in the case of the implied warranty, upon which the third cause of action is based, this would be the relatively short period of two years (Code Civ. Proc., § 339, subd. 1)), and the period commences at the very latest when the purchaser discovers, or reasonably should discover, the defect. We have discussed this point because it has been before us, and we agree with appellant that respondent's first point, as to the necessity of payment as a condition for maintaining cross-complainant's action, is without merit; but we think it more likely that the court sustained the demurrer without leave to amend upon the second of respondent's contentions, to which we shall now proceed.

▮ When the demurrer was presented in the superior court, and when the briefs on appeal were filed, and when the argument was made before this court, respondent relied heavily, if not completely, on the case of *Weissmann* v. *Lakewood*

*Water & Power Co.,* 173 Cal.App.2d 652 [343 P.2d 776]. Recently, the Supreme Court, in the case of *Roylance* v. *Doelger,* 57 Cal.2d 255 [19 Cal.Rptr. 7, 368 P.2d 535] S. F. No. 20338, has decided that it was reversible error to strike a cross-complaint for declaratory relief which named as cross-defendants new third parties, where it was alleged in the cross-complaint that said third parties had accepted a tender of defense, and that said third parties had made a voluntary settlement of claims, thereby excusing the defendant and cross-complainant from further performance under an insurance policy. The court held that the proper procedure is to permit and sustain filing of the cross-complaint under circumstances falling within the language of section 442 of the Code of Civil Procedure, the trial court having power to determine under the provisions of section 1048 of the Code of Civil Procedure whether the issues tendered by the complaint and the answer thereto shall be tried together with those raised by the cross-complaint or shall be severed. If any implications contrary to the views expressed in Roylance properly may be found in *Weissmann* v. *Lakewood Water & Power Co., supra,* they were disapproved by the Supreme Court.

In the case before us, the circumstances certainly come within the language of section 442 of the Code of Civil Procedure. The very nature of the cross-complainant's claims against the cross-defendant is contingent. It would be difficult for the cross-complainant to state its claims in a different form than that in which those claims were set forth. Cross-complainant is not seeking any declaration of abstract rights but affirmative relief within the meaning of section 442 of the Code of Civil Procedure, which provides in part that: "Whenever the defendant seeks affirmative relief against any person, whether or not a party to the original action, relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint."

The court has ample discretion, under the provisions of section 1048 of the Code of Civil Procedure, to decide at an appropriate stage in the proceedings whether the issues raised by the cross-complaint shall be tried together with those raised by the complaint and answer, or shall be severed. We note, in passing, that the first amended cross-complaint does not contain allegations of notice of breach of warranty, but no

point was made of this on the appeal, and notice of breach of warranty was pleaded in the original cross-complaint; no doubt the omission was by inadvertence, and can be corrected by amendment.

The judgment is reversed.

Draper, P. J., and Salsman, J., concurred.