[Civ. No. 125.  Fifth Dist.  Aug. 14, 1962.]

B.F.G. BUILDERS, Cross-Complainant and Appellant, v. WEISNER & COOVER COMPANY et al., Cross-Defendants and Respondents.

Kane & Canelo, Adolph B. Canelo III and Ferol T. Boucher for Cross-Complainant and Appellant.

Hays & Hays and James N. Hays for Cross-Defendant and Respondent.

CONLEY, P. J.— The cross-complainant appeals from a judgment of dismissal entered by the trial court after granting a motion to strike the entire first amended cross-complaint. As the cross-defendant is a party to the action only by virtue of the cross-complaint, the ruling completely eliminates it from the case, and consequently there is a right to appeal from the order at this stage of the litigation. (*People* v. *Buellton Dev. Co.*, 58 Cal.App.2d 178, 181 [136 P.2d 793]; *Howe* v. *Key System Transit Co.*, 198 Cal. 525, 533 [246 P. 39]; *American Can Co.* v. *City & County of San Francisco*, 202 Cal.App.2d 520, 522 [21 Cal.Rptr. 33]; *County of Humboldt* v. *Kay*, 57 Cal.App.2d 115, 119 [134 P.2d 501]; *Keenan* v. *Dean*, 134 Cal.App.2d 189, 191 [285 P.2d 300].)

The plaintiff, Robert Maple, originally filed a complaint against B.F.G. Builders, a corporation, and several fictitious parties, alleging that on or about the 31st day of March, 1960,

in the city of Atwater in Merced County, as a roofing contractor, he:

". . . was engaged in the application of roofing on dwelling being constructed by the Defendants, and each of them, in a housing subdivision; that Plaintiff was performing these operations pursuant to an agreement with Swift Roofing Company who was a sub-contractor under the Defendants, and each of them."

Paragraphs IV and V of the complaint allege: "That the Defendants, and each of them, knew that the sheathing boards applied to the roof area would be walked upon by Plaintiff or any other roofer who might apply the necessary roofing; that the Defendants, and each of them, and their agents and servants negligently and carelessly applied sheathing boards that were defective and defectively installed and nailed in place and that were not sufficient to carry the weight of a person walking thereon;

"That on or about the 31st day of March, 1960, Plaintiff while applying roofing to the dwelling above referred to stepped on a defective sheathing board which was defective by reason of having a large knot in the same and not being adequately nailed in place and said board broke causing Plaintiff's foot to go through the same and as it did so Plaintiff's right arm was immersed in a bucket of hot tar."

The complaint avers that the plaintiff sustained severe personal injuries to his general damage in the sum of $50,000, besides special damages for medical expenditures and loss of earnings.

B.F.G. Builders filed an answer denying the basic allegations of the complaint and setting up two special defenses, (1) assumption of the risk, and (2) contributory negligence. Later, the defendant duly served notice of a motion to modify the pretrial conference order and for leave to amend the answer and to file a cross-complaint. After argument, the court granted the motion.

The amendment to the answer alleged that the liability to the plaintiff for his injuries and damages, if any, was wholly owed by Weisner & Coover Company, a corporation.

The cross-complaint set forth that Weisner & Coover Company was in the lumber supplying business; that on or before the 30th day of March, 1960, defendant and cross-complainant purchased lumber and sheathing boards from it for use in the construction of the dwelling and garage referred to in the complaint; and, ". . . that at the time of said purchase, cross-

defendants, and each of them, knew the purpose for which said lumber and sheathing boards were to be used; that defendant and cross-complainant, B.F.G. BUILDERS, a Corporation, purchased no other lumber or sheathing boards from any other concern for said dwelling and garage above mentioned.''

The cross-complaint further alleged that the lumber and sheathing were in fact defective; that such defects were not known to cross-complainant; that the materials were used in the construction of the dwelling and garage roof; that the plaintiff stepped on a sheathing board which was weakened by the presence of a large knot and that, if injured at all, he was hurt solely by reason of this defective piece of lumber; that the negligence involved, if any, was wholly on the part of the cross-defendant.

The original pleading further alleged:

''X That unless all of the joint or several obligations, rights and duties arising out of the action between the respective parties hereto are determined in this one proceeding, there will be a multiplicity of actions which will ultimately determine the rights, duties and obligations of the parties hereto, all of which can be determined in a judgment in this one action; that cross-complainant will be subject [t]o unreasonable burdens at the risk of irreparable injury if the rights of the respective parties are not determined in one proceeding; that all the rights and obligations herein arose out of what is actually one transaction and all of which can be settled and determined in a judgment in this action.

''XI That cross-complainant alleges that an actual controversy exists between the cross-complainant and cross-defendants herein named, and each of them, under the circumstances above alleged; that cross-complainant alleges that the ultimate responsibility, if any, to plaintiff rests and should rest, and is the liability of the cross-defendants, and each of them, and cross-complainant denies that between the parties hereto it has any such liability or responsibility.''

A notice of motion to strike the cross-complaint on the ground that it contained ''irrelevant, redundant and immaterial matter and constitutes a sham pleading'' was served and filed by the cross-defendant at the same time as a general and special demurrer to the cross-complaint. The trial court granted the motion to strike and sustained the demurrer to the cross-complaint.

A few days later cross-complainant filed a first amended cross-complaint containing some changes in, and expansions of, the original pleading. Among these changes are allegations that the negligence from which the plaintiff suffered, if any, was not the result of fault or breach of duty on the part of the defendant in attaching the sheathing to the building. Paragraph XI of the first amended cross-complaint reads as follows: "That if defendant and cross-complainant, B.F.G. Builders, a Corporation, is held liable in action No. 29137 above referred to, as that action and parties now stand, it will be solely on the grounds that defendant and cross-complainant, B.F.G. BUILDERS, a Corporation, applied defective sheathing boards, and not on the grounds that said sheathing boards were defectively installed and nailed in place; that if such a verdict is rendered against B.F.G. BUILDERS, a Corporation, it will have a right of indemnification and/or contribution from WIESNER [sic] & COOVER COMPANY, a corporation, who supplied said defective lumber; that unless all of the joint or several and/or successive obligations, rights and duties arising out of the action between the respective parties hereto are determined in this one proceeding, there will be a multiplicity of actions which will ultimately determine the rights, duties and obligations of the parties hereto, all of which can be determined in a judgment in this one action; that cross-complainant will be subject to unreasonable burdens at the risk of irreparable injury if the rights of the respective parties are not determined in one proceeding; that all of the rights and obligations herein arose out of what is actually one transaction and all of which can be settled and determined in a judgment in this action; that WIESNER [sic] & COOVER COMPANY, a Corporation, is a necessary party to a complete determination or settlement of the questions involved therein."

Paragraph XII of the amended pleading continues: "That cross-complainant alleges that an actual controversy exists between the cross-complainant and cross-defendants herein named, and each of them, under the circumstances above alleged; that cross-complainant alleges that the ultimate responsibility, if any, to plaintiff rests and should rest, and is the liability of the cross-defendants, and each of them, and cross-complainant denies that between the parties hereto it has any such liability or responsibility."

In the prayer cross-complainant asks that the court grant judgment as follows:

"(1) That the Court determine the rights, duties and obli-

gations of the parties to this action under and by virtue of the facts, matters, happenings and events comprised in the transaction or transactions involved in plaintiff's complaint on file herein;

"(2) That in the event this Court determines that there is any sum due plaintiff, that this Court find, declare and adjudge that such liability be that of the cross-defendants, WIESNER [sic] & COOVER COMPANY, a Corporation, DOE ELEVEN, DOE TWELVE and DOE THIRTEEN, solely and exclusively;

"(3) That in the event this Court determines that there is any sum due from B.F.G. BUILDERS, a Corporation, to plaintiff, that this Court find, declare, determine and adjudge that the cross-complainant have judgment for said sum against cross-defendants, and each of them, and to that end that it be reimbursed for all damages and losses sustained, or to be sustained, by reason of the acts and omissions by cross-defendants, and each of them; and

"(4) For judgment for his costs in suit herein, and for such other and further relief as may seem just and proper."

After service and filing of the amended cross-complaint, counsel for the cross-defendant moved to strike the entire pleading, stating in his notice of motion that it: ". . . contains irrelevant, redundant and immaterial matter and constitutes a sham pleading, and that it was filed after a motion to strike a previously filed cross-complaint had been granted."

The court granted the motion to strike, and a formal judgment was entered decreeing that cross-complainant take nothing by virtue of its first amended cross-complaint.

Respondent contends at the outset that the appeal is ineffective because appellant did not have leave to file an amended cross-complaint and because appellant's only procedural remedy would have been to appeal from the order striking the original cross-complaint. Except for the fact that the demurrer and the motion to strike the original cross-complaint were both ruled upon, the position of respondent would be good. While attorneys often contemporaneously file motions to strike and demurrers to a pleading, it is rare that a trial court acts affirmatively upon both. If the court had not ruled on the demurrer to the cross-complaint but had merely ordered the pleading stricken, there would have been no basis for the filing of an amended cross-complaint by appellant; and respondent's motion to strike the first amended cross-complaint would have been a proper method of raising the question

whether leave had been granted by the court to file it; if leave had not been granted, the order striking the amended pleading would have been justified and respondent's point would have disposed of the appeal. (*Harvey* v. *Meigs,* 17 Cal.App. 353, 362 [119 P. 941].)

But the demurrer was also sustained by the trial court at the same time, and as the ruling was not without leave to amend, the rules of court gave cross-complainant time within which to file an amended pleading. Rule 202(e) of the California Rules of Court\* provides:

"Upon ruling on a demurrer, unless otherwise ordered, leave to answer or amend within 10 days shall be deemed granted."

The effect of similar contemporaneous rulings is considered in *Lavine* v. *Jessup,* 48 Cal.2d 611, 614 [311 P.2d 8], as follows: "This case presents an unusual situation in that the court simultaneously sustained general demurrers without leave to amend and granted motions to strike the complaint as sham and to dismiss the action. The motions were not supported by affidavits setting up any extrinsic matters and obviously were made upon the assumption that the complaint failed to state a cause of action and was merely repetitious of prior complaints which had been ruled insufficient. Defendants thus made their challenge solely on the face of the pleadings, and it seems clear that the questions presented by the motions were identically the same as those presented by the demurrers, i.e., did the complaint state a cause of action and, if not, could the defects be cured by amendment. The normal method of resolving such issues in favor of a defendant is by ruling upon a demurrer and thereafter rendering a judgment based upon the ruling. It is, of course, unnecessary for the court, in addition, to grant a motion to dismiss."

It cannot be assumed that the trial court was indulging in an idle act when it made rulings on both the demurrer and the motion to strike at the same time. The meaning of the double ruling by the court was that the demurrer was good, that the cross-complaint did not state facts sufficient to constitute a cause of action, and presumably, though erroneously, that for this reason the motion to strike should also be granted. As above observed, the court should have done one thing or the other, and not both; if it had ordered stricken the entire pleading and had disregarded the demurrer, or had

---

\*Formerly Rules for the Superior Courts, rule 2 (e).

sustained the demurrer with leave to amend and thereupon had dismissed or dropped from the calendar the motion to strike, the record would have been unambiguous. It is our conclusion, in the circumstances, that cross-complainant had implied leave to file a first amended cross-complaint.

It will be noted that respondent did not demur to the first amended cross-complaint. There are obvious defects in the pleading, as will appear more fully hereafter, but the questions of the existence of such imperfections and the remedies that may be applied to them are not raised by this appeal.

A motion to strike is not a proper substitute for a special demurrer. (*Allerton* v. *King*, 96 Cal.App. 230, 233 [270 P. 90]; *Mattson* v. *Mattson*, 181 Cal. 44, 46 [183 P. 443]; *County of Humboldt* v. *Kay, supra*, 57 Cal.App.2d 115, 120.)

Section 442 of the Code of Civil Procedure as amended in 1957 provides in part as follows: ''Whenever the defendant seeks affirmative relief against any person, whether or not a party to the original action, relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. The cross-complaint must be served upon the parties affected thereby, and such parties may demur or answer thereto, or file a notice of motion to strike the whole or any part thereof, as to the original complaint.''

The case of *Roylance* v. *Doelger*, 57 Cal.2d 255 [19 Cal. Rptr. 7, 368 P.2d 535], discusses a situation somewhat similar to the present case. There, the plaintiff had already paid a judgment for damages to another's property caused by excavations which removed the lateral support of the land. Plaintiff then sued its liability insurer for repayment, and defendant cross-complained against third parties who owned the land where the excavations had taken place and who had allegedly directed the same; cross-complainant alleged that cross-defendants were in fact the real tortfeasors primarily and therefore ultimately liable to the plaintiff. The pleader also alleged that there was an effective hold-harmless agreement, and the prayer was that the court declare the rights of the parties and that cross-complainant be subrogated to plaintiff's rights against the cross-defendants. The trial court granted the motion to strike the cross-complaint, but the judgment was reversed on appeal.

In the opinion (pp. 259-260) it is said: "Defendant insurer relies upon *Sattinger* v. *Newbauer* (1954), 123 Cal.App.2d 365 [266 P.2d 586] (by the same court), in which, in an action for damages for breach of contract, one defendant filed a cross-complaint against the other, seeking a declaration that any obligation to plaintiff was that of the cross-defendants only. The trial court sustained a demurrer to the cross-complaint without leave to amend. On appeal the court in reversing ruled that 'were we, in the position of trial judges, called upon to decide the question, we would regard a denial of the right to prosecute a claim for declaratory relief upon the amended cross-complaint . . . as an abuse of discretion.' (P. 370 of 123 Cal.App.2d.) With this view we agree."

At page 261 it is said: "As already noted, section 442 [Code Civ. Proc.] was amended in 1957 to permit a cross-complaint against any 'person, whether or not a party to the original action,' thus indicating a legislative intent that the former stringent test be relaxed in favor of permitting defendant to request, even against new third parties to the action, affirmative relief 'relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought.' (§ 442 [Code Civ. Proc.].) The fact that the original complaint may seek equitable relief while the cross-complaint pleads an action legal in nature has been held no bar to the filing of the latter, and the converse appears to be equally permissible."

And, summarizing, the court states on page 262: "Stripped of other detail, this is basically a controversy between an insured, its alleged liability insurer, and third parties whom the defendant insurer by cross-complaint claims were the real tort feasors ultimately liable to the injured persons. For the reasons stated above we hold that the proper procedure is to permit and sustain filing of the cross-complaint under circumstances falling within the language of section 442 [Code Civ. Proc.], but to allow the trial court to determine under the provisions of section 1048 [Code Civ. Proc.] whether the issues tendered by the complaint and the answer thereto shall be tried together with those raised by the cross-complaint, or shall be severed."

Another recent case, *Simon Hardware Co.* v. *Pacific Tire & Rubber Co.*, 199 Cal.App.2d 616 [19 Cal.Rptr. 12], holds that it was error to sustain without leave to amend a demurrer to a cross-complaint against a supplier of tires. Plaintiff had alleged injury to herself from the blowout of a tire purchased

from the defendant hardware company. She sought damages for breach of implied warranty of fitness and also alleged general negligence as against the fictitious defendants. In reversing the judgment the court had the following to say at page 617:

"The issue in the case relates to the first amended cross-complaint of Simon Hardware against Pacific Tire & Rubber Company, cross-defendant. In said cross-complaint Simon Hardware alleges: (1) That Simon Hardware bought certain tires from Pacific Tire, and, on information and belief, that one of these tires has been supplied to plaintiff by Simon Hardware, and that, should it be determined that Simon Hardware is liable to plaintiff, this would have been caused by active and primary negligence of Pacific Tire; (2) an implied agreement of indemnity by Pacific Tire to Simon Hardware; (3) express warranty of safety and suitability of the tires; (4) implied warranty thereof. The cross-complaint states that an actual controversy exists between cross-complainant and cross-defendant in that the former avers and the latter denies that full liability rests with cross-defendant.

"The cross-complaint contains allegations that all of the obligations of the parties arose from the same transaction and all of them should be settled in the same action, and that cross-complainant will be subject to unreasonable burden at the risk of irreparable injury if all of such rights of the respective parties are not now determined. Cross-complainant prays for judgment declaring the rights and duties of the cross-defendant; that if the court determines that any sum is due to plaintiff, the court determine that liability is that of cross-defendant, and, generally, for reimbursement for all losses by reason of breaches of warranty."

Of the cross-complaint, the court said at page 618: "The second cause of action of the cross-complaint is based upon an alleged implied contract of indemnity, but the third and fourth causes are upon alleged breaches of implied and express warranties, respectively, and the first cause of action, although not clearly stated, is also based upon breaches of warranty."

Citing the *Roylance* case as its authority, the court held that it was error not to permit the cross-defendant to be brought into the action and said at page 619: "In the case before us, the circumstances certainly come within the language of section 442 of the Code of Civil Procedure. The very nature of the cross-complainant's claims against the cross-defendant is contingent. It would be difficult for the cross-complainant to

state its claims in a different form than that in which those claims were set forth. Cross-complainant is not seeking any declaration of abstract rights but affirmative relief within the meaning of section 442 of the Code of Civil Procedure. . . .''

In *Montgomery Ward & Co.* v. *KPIX Westinghouse Broadcasting Co.*, 198 Cal.App.2d 759 [18 Cal.Rptr. 341], the trial court sustained a general demurrer to appellant's first amended complaint. The plaintiff declined to amend further and appealed from the judgment thereupon entered against it. Montgomery Ward & Co., which had paid settlement damages to one Carson, who was injured on plaintiff's premises while working for the defendant, sued the defendant on a theory of implied indemnity. In reversing the judgment, the court observed at page 762:

''Although the right to implied indemnity is relatively recent in the law of California, it is now established. While it had been suggested in earlier cases, its first clear recognition came in the *San Francisco Unified School Dist.* case [*San Francisco Unified Sch. Dist.* v. *California Bldg. etc. Co., supra,* 162 Cal.App.2d 434 (328 P.2d 785)]. Later cases, however, are in accord. In *Alisal Sanitary Dist.* v. *Kennedy,* 180 Cal. App.2d 69 [4 Cal.Rptr. 379], the court said: 'Such an obligation [to perform work in a safe manner] carries with it an implied agreement to indemnify and to discharge foreseeable damages resulting to the plaintiff from the defendants' negligent performance.' (*De La Forest* v. *Yandle,* 171 Cal.App.2d 59 [340 P.2d 52] ; and see also *Witt* v. *Jackson,* 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641].)''

If the action on the cross-complaint is to be effective, it must seek and establish a remedy on behalf of the cross-complainant against the cross-defendants because of an express or implied indemnity or an express or implied warranty or some other similar relationship between the parties to the cross-complaint itself.

Paragraph XI of the first amended cross-complaint specifically alleges that the cross-complainant in the event of an adverse judgment against the B.F.G. Builders, ''. . . will have a right of indemnification and/or contribution from WIESNER & COOVER COMPANY [*sic*], a Corporation, who supplied said defective lumber. . . .''

It is further alleged that unless all of the rights and duties of the parties are determined in this case there will be a multiplicity of actions and that cross-complainant will be

subject to unreasonable burdens at the risk of irreparable injury, and ". . . that all of the rights and obligations herein arose out of what is actually one transaction and all of which can be settled and determined in a judgment in this action. . . ."

It is further stated under oath that an actual controversy exists between the cross-complainant and cross-defendant relating to the question of which of them is ultimately liable to plaintiff. It seems probable that a special demurrer to portions of this pleading would have had to be sustained, but no demurrer was interposed; it is appellant's problem to take whatever steps may be advisable to remedy the sparse pleading and to supply proof on the essential elements of indemnification prior to and at the trial of the case.

Needless to say, we are not in any way presuming to pass upon the ultimate decision of this action, for that will depend upon the evidence. We necessarily limit our ruling to the question of pleading. We believe that the trial court erred in granting the motion to strike.

The order striking the first amended cross-complaint is reversed.

Brown, J., and Stone, J., concurred.