[Civ. No. 7038. Fourth Dist. Feb. 28, 1963.]

JOHN F. DREYBUS, Plaintiff and Respondent, v. BAYLESS RENTS, Defendant and Appellant; EVEREST AND JENNINGS, INC., Cross-defendant and Respondent.

Jarrett & Morgan, Frank W. Woodhead and Henry F. Walker for Defendant and Appellant.

Hews, Hews & Brown for Plaintiff and Respondent.

Kirtland & Packard and Robert L. Wilson for Cross-defendant and Respondent.

MONROE, J. pro .tem.*—The plaintiff, John F. Dreybus, brought this action to recover damages for personal injuries alleged to be the proximate result of the collapse of crutches sold to him by the defendant partnership doing business as Bayless Rents. He alleged that the crutches were defective and he predicated his cause of action both upon breach of warranty and upon negligence. The defendant partnership answered and also filed a cross-complaint making Everest and Jennings, Inc. a cross-defendant. By the amended cross-complaint it was alleged that the plaintiff had sought to purchase the type of crutches manufactured by respondent and that pursuant to his request the crutches had been purchased and resold to plaintiff. It is alleged that there was an express warranty by reason of statements contained in the printed advertisements issued by respondent and upon which defendant relied, and that there was also the implied warranty of fitness for the purpose for which they were sold. The defendants, in the cross-complaint, set forth that the plaintiff claims the warranties were breached and that the crutches were negligently manufactured, and defendant alleges in substance that if it be held liable it should have judgment over against the respondent. Appropriate allegations are set forth in the amended cross-complaint whereby the defendant seeks a declaration of the rights of the parties.

Demurrer was sustained to the cross-complaint without leave to amend and judgment thereon was rendered. From this judgment the defendant and cross-complainant, Bayless Rents, appeals.

There had been some uncertainty in the past with respect to whether the defendant sued for damages could by cross-complaint bring in another party claimed to be primarily responsible for the damages suffered by plaintiff. It was the well established rule of the common law that an action for indemnity could not be maintained until the person seeking

---

*Assigned by Chairman of Judicial Council.

indemnity had paid the claim in question. It followed therefrom that an attempt to involve the alleged indemnitor in the original action was premature. This rule is set forth in section 2778 of the Civil Code.

In 1957, section 442 of the Code of Civil Procedure was amended to permit a cross-complaint to be filed against any person whether or not a party to the original action. In *Roylance* v. *Doelger,* 57 Cal.2d 255 [19 Cal.Rptr. 7, 368 P.2d 535], the court carefully reviewed the prior decisions and held that as a result of this amendment a cross-complaint in the nature of an action for declaratory judgment might be filed, bringing in a person against whom a defendant and cross-complainant claimed a right of indemnity. In this decision the court disapproved *Weissman* v. *Lakewood Water & Power Co.,* 173 Cal.App.2d 652 [343 P.2d 776], largely relied upon by the respondent herein.

The respondent concedes that the case of *Simon Hardware Co.* v. *Pacific Tire etc. Co.,* 199 Cal.App.2d 616 [19 Cal.Rptr. 12], is directly in point against it. That case holds that the intermediate purchaser, who was sued for breach of warranty, might maintain a cross-complaint in the nature of an action for declaratory judgment, against the manufacturer of the product in question. The respondent contends that the *Simon Hardware* case is not good law and should be reversed.

Since the rendition of judgment in this action, additional decisions have been rendered by the California courts. In *Rimington* v. *General Accident Group of Ins. Cos.,* 205 Cal. App.2d 394 [23 Cal.Rptr. 40], and in *B.F.G. Builders* v. *Weisner & Coover Co.,* 206 Cal.App.2d 752 [23 Cal.Rptr. 815], it is held that the party against whom indemnity is sought may be made a cross-defendant in the original action. It becomes apparent, therefore, that the courts of California have now definitely agreed upon the rule that a defendant may, by cross-complaint for a declaration of the rights of the parties, bring in a party from whom he claims indemnity in case he be held liable in the principal action. There perhaps would be some uncertainty if the cross-complaint was strictly in the form of an action for indemnity due to the provisions of section 2778 of the Civil Code. However, the courts are committed to the theory that a cross-complaint in the form of an action for declaratory relief may properly be maintained under the circumstances. As was held in the *Roylance* case, any difficulty in the presentation of the case may be obviated by a separate trial of those issues which would not

properly be presented to the jury upon the original cause of action.

The judgment dismissing the cross-complaint is therefore reversed and the cause remanded with directions to overrule the demurrer thereto.

Griffin, P. J., and Coughlin, J., concurred.