[Civ. No. 20197.   First Dist., Div. One.   July 3, 1963.]

J. C. PENNEY COMPANY, INC., Cross-complainant and Appellant, v. WESTINGHOUSE ELECTRIC CORPORATION, Cross-defendant and Respondent.

Weinman, Rode, Burnhill & Moffitt and Cyril Viadro for Cross-complainant and Appellant.

Walter C. Kohn, L. F. Haberle, III, and Leo T. Donovan for Cross-defendant and Respondent.

BRAY, P. J.—Defendant and cross-complainant J. C. Penney Company appeals from judgment dismissing its cross-complaint against cross-defendant Westinghouse Electric Corporation entered upon order sustaining demurrer to cross-complaint.

## QUESTION PRESENTED

Did the cross-complaint state a cause of action?

## RECORD

Plaintiff Juanita F. Ellison filed a complaint against defendant J. C. Penney Company and fictitious named defendants for damages for injuries alleged to have been received by her on November 21, 1959, in the alleged negligent design, manufacture, installation, maintenance and operation of an escalator in defendant Penney's Richmond Store.[1] Defendant Penney filed an answer denying negligence and alleging contributory negligence. Defendant Penney also filed a cross-complaint against cross-defendant Westinghouse Electric Corporation for indemnification (in the event of Penney's liability to plaintiff) upon the theory of Westinghouse's negligence in inspecting, maintaining and repairing the escalator and its negligence and breach of warranty in connection with its manufacture, sale and installation. Cross-defendant Westinghouse demurred to the cross-complaint generally and specifically. The trial court sustained the demurrer and ordered the cross-complaint dismissed as to Westinghouse. There is no issue on this appeal between plaintiff and Penney.

## THE CROSS-COMPLAINT STATES A CAUSE OF ACTION

The first count alleged in pertinent part that prior to the accident alleged in plaintiff's complaint, Penney and Westinghouse had entered into a written agreement in which Westinghouse agreed to maintain the escalator in question and to use trained men employed and supervised by Westinghouse; that Westinghouse would regularly and systematically examine, adjust, clean, lubricate, and when necessary repair or replace mechanical parts; keep the escalator properly lubricated and renew step rollers to assure smooth and quiet operation; periodically examine all safety devices and governors and replace step treads, step comb plates and handrails, if conditions warranted; that if plaintiff was injured as the result of any carelessness, negligent act or omission in connection with said escalator, other than as a proximate result of plaintiff's own negligence, the sole and proximate cause of such injury was the negligence and carelessness of Westinghouse, its agents, servants and employees in failing to perform its obligation to do the said maintenance and repair work re-

---

[1]Westinghouse Electric Corp. was served as one of the fictitious named defendants.

quired by said agreement, and Penney should be indemnified to the full extent of any loss suffered by reason of Westinghouse's negligence and failure to carry out its agreement.

The cross-complaint then alleged the incurring of attorney's fees and court costs by Penney in defense of plaintiff's action and that a hearing of this cross-complaint would avoid circuity and multiplicity of actions.

In the second count Penney alleged additionally to the allegations of the first count that "[p]rior to November 10, 1960" Westinghouse sold to Penney and installed in its Richmond store an escalator system, that Westinghouse then knew that it would be used by the general public, and Westinghouse represented to Penney that said system was safe for use by the public and was carefully manufactured, and that it would install said system so that it would be safe for such use; that Penney purchased said system relying upon those representations; that in the event the allegations in plaintiff's complaint are true, Penney, in permitting the public to use said system, had no knowledge of the failure, manufacture and installation of said escalator and had relied upon Westinghouse's representations and warranties that the system was safe; that as soon as Penney knew of the falsity of said representations and warranties and of the careless manner in which Westinghouse had manufactured and installed said system, Penney notified Westinghouse thereof. Penney prayed for indemnification, attorney's fees and costs.

In addition to specifying that the cross-complaint did not state a cause of action, the demurrer specified that the cross-complaint was uncertain, unintelligible and ambiguous and that it could not be ascertained therefrom (a) how or in what manner Penney had suffered damage, and (b) how or in what manner there has been a breach of warranty.

Although the cross-complaint could have been more skillfully worded, it is clear from its allegations that Penney was, in effect, seeking a declaratory relief judgment to determine its rights against Westinghouse in the event Penney is found liable to plaintiff for the negligent manufacture, construction, maintenance or operation of the escalator supplied by Westinghouse. That it had the right to do this and that the cross-complaint states a cause of action is firmly established by recent authorities in this state. They are discussed and approved in *Dreybus* v. *Bayless Rents* (1963) 213 Cal.App.

2d 506 [28 Cal.Rptr. 825]. There Drebus brought an action against Bayless Rents to recover damages for personal injuries resulting from the collapse of crutches sold him by Bayless. Bayless cross-complained against Everest and Jennings, Inc., alleging that the crutches had been purchased from the latter and resold to the plaintiff, relying on warranties of Everest and Jennings and that the crutches were negligently manufactured by the latter. Bayless alleged in substance that if it be held liable it should have judgment over against Everest and Jennings. The trial court sustained a demurrer to the cross-complaint without leave to amend. On appeal, the reviewing court said (pp. 537-538): ''There had been some uncertainty in the past with respect to whether the defendant sued for damages could by cross-complaint bring in another party claimed to be primarily responsible for the damages suffered by plaintiff. It was the well established rule of the common law that an action for indemnity could not be maintained until the person seeking indemnity had paid the claim in question. It followed therefrom that an attempt to involve the alleged indemnitor in the original action was premature. This rule is set forth in section 2778 of the Civil Code.

''In 1957, section 442 of the Code of Civil Procedure was amended to permit a cross-complaint to be filed against any person whether or not a party to the original action. In *Roylance* v. *Doelger*, 57 Cal.2d 255 [19 Cal.Rptr. 7, 368 P.2d 535], the court carefully reviewed the prior decisions and held that as a result of this amendment a cross-complaint in the nature of an action for declaratory judgment might be filed, bringing in a person against whom a defendant and cross-complainant claimed a right of indemnity. . . .

''The respondent concedes that the case of *Simon Hardware Co.* v. *Pacific Tire etc. Co.*, 199 Cal.App.2d 616 [19 Cal.Rptr. 12], is directly in point against it. That case holds that the intermediate purchaser, who was sued for breach of warranty, might maintain a cross-complaint in the nature of an action for declaratory judgment, against the manufacturer of the product in question. The respondent contends that the *Simon Hardware* case is not good law and should be reversed.

''Since the rendition of judgment in this action, additional decisions have been rendered by the California courts. In *Rimington* v. *General Accident Group of Ins. Cos.*, 205 Cal. App.2d 394 [23 Cal.Rptr. 40], and in *B. F. G. Builders* v.

*Weisner & Coover Co.,* 206 Cal.App.2d 752 [23 Cal.Rptr. 815], it is held that the party against whom indemnity is sought may be made a cross-defendant in the original action. ▮ It becomes apparent, therefore, that the courts of California have now definitely agreed upon the rule that a defendant may, by cross-complaint for a declaration of the rights of the parties, bring in a party from whom he claims indemnity in case he be held liable in the principal action. There perhaps would be some uncertainty if the cross-complaint was strictly in the form of an action for indemnity due to the provisions of section 2778 of the Civil Code. However, the courts are committed to the theory that a cross-complaint in the form of an action for declaratory relief may properly be maintained under the circumstances. ▮ As was held in the *Roylance* case, any difficulty in the presentation of the case may be obviated by a separate trial of those issues which would not properly be presented to the jury upon the original cause of action.''

See also *Indenco, Inc.* v. *Evans* (1962) 201 Cal.App.2d 369, 374 [20 Cal.Rptr. 90], holding that where the employee of a subcontractor sues the general contractor for injuries received on a construction job, the general contractor may file a cross-complaint for declaratory relief as to the subcontractor's liability to indemnify the general contractor for any loss arising out of the personal injury action, even though the action by the employee is still pending.

In fairness to the trial court, it should be pointed out that at the time of the judgment in the case at bench neither *Dreybus, supra,* nor the cases mentioned therein, *Roylance* v. *Doelger,* 57 Cal.2d 255 [19 Cal.Rptr. 7, 368 P.2d 535], or *Simon Hardware Co.* v. *Pacific Tire etc. Co.,* 199 Cal. App.2d 616 [19 Cal.Rptr. 12], had been decided. As stated in the above quoted extract from *Dreybus,* there was prior to these cases some uncertainty as to the right to file a cross-complaint of the type we are considering here. That uncertainty no longer exists. Westinghouse has cited no cases contrary to the rule above stated.

The cross-complaint sets up all the facts necessary in a declaratory relief action, even though the complaint is not labeled as one in declaratory relief. (See 2 Witkin, Cal. Procedure, p. 1431.)

▮ The cross-complaint stated a cause of action for declaratory relief; hence the general demurrer should have been

overruled. Likewise the special demurrer should have been overruled. ■ The matter of damages is covered by the allegations to the effect that the cross-complainant will be damaged to the extent of any recovery which the plaintiff might obtain against the cross-complainant. This is a sufficient allegation on the subject for a declaratory determination by the court as to whether or not cross-complainant would be entitled to indemnification in the event of recovery by the plaintiff.

■ The second specification of the special demurrer, that it cannot be ascertained in what manner there has been a breach of warranty, is not well founded. The breach will be determined if the evidence shows, as alleged, that the escalator was negligently designed, manufactured or installed.

The judgment dismissing the cross-complaint is reversed, and the case remanded with directions to overrule the demurrer thereto.

Sullivan, J., and Molinari, J., concurred.