[Civ. No. 35441. Second Dist., Div. One. Sept. 1, 1970.]

LIBERTY MUTUAL INSURANCE COMPANY et al.,
Cross-complainants and Appellants, v.
HARRIS, KERR, FORSTER & COMPANY,
Cross-defendant and Respondent.

## COUNSEL

Virgil R. Wells, Anderson, McPharlin & Connors and Jon Paradis for Cross-complainants and Appellants.

Kirtland & Packard and Dickran Tevrizian, Jr., for Cross-defendant and Respondent.

## OPINION

**GUSTAFSON, J.**—American Institute of Aeronautics & Astronautics, Inc. (hereinafter referred to as the insured), protected itself from any loss caused by the dishonesty of an employee by contracts with Liberty Mutual Insurance Company (for the period March 11, 1963, to March 11, 1966) and General Insurance Company of America (for the period March 11, 1966, to January 1, 1968) whereby the insurers agreed to indemnify the insured for any loss due to the dishonesty of an employee.

The insured suffered a loss of $113,442.99 by the dishonesty of one of

its employees, $38,861.59 of the loss being incurred while a contract was in force with one of the insurers and $74,581.40 of the loss being incurred while a contract was in force with the other insurer. Upon refusal of the insurers to indemnify the insured, the insured brought suit against the insurers.

The insurers answered denying liability, but each filed a cross-complaint (superseded by a first amended cross-complaint) against Harris, Kerr, Forster & Company (hereinafter the accountants) seeking declaratory relief in the form of a judgment that if the insurer is liable to the insured, the accountants are liable to the insurer. A demurrer to each of the first amended cross-complaints was sustained without leave to amend, the first amended cross-complaints were dismissed (Code Civ. Proc., § 581) and this appeal is taken from the written order of dismissal which is a judgment. (Code Civ. Proc., § 581d.)

The first amended cross-complaints allege that the accountants negligently audited the books of the insured, that if the accountants had exercised ordinary care in the auditing of the books of the insured the dishonesty of the employee would have been discovered by the insured in time to prevent or drastically reduce the insured's loss and that by reason of the insured's reliance upon the accountants the defalcations of the employee were not discovered until August 24, 1967.

Although some of the allegations in the first amended cross-complaints indicate that relief is sought from the accountants for breach of a duty owed to the insurers, we need not decide whether a cause of action has been stated on that theory because the insurers expressly disclaim in their briefs in this court that they are seeking recovery on that basis. Instead, assert the insurers, they are through the declaratory relief action proceeding on "a sort of 'presubrogation' " theory.

The allegations in the first amended cross-complaints, had they been made by the insured in an action against the accountants, would (at least as against a general demurrer) state a cause of action for malpractice. The question is whether the insurers may assert the insured's rights against the accountants. It is undisputed that neither an indemnitor nor a surety may recover damages from a third person unless the indemnitor or surety has suffered damages, i.e., has actually made the payment required by the contract of indemnity or surety. Here neither insurer has paid the insured.

The accountants make a very persuasive argument that permitting a surety or indemnitor to circumvent the necessity of payment as a prerequisite to bringing suit based on the rights of the unpaid indemnitee or promisee of a surety undermines the purpose of contracts such as are here involved. Instead of promptly paying the insured and thereafter asserting

the insured's rights against third persons who may be liable, an insurer is encouraged to refuse payment by denying liability and asserting that if the insurer is liable to the insured, a third person is liable to the insurer. During the months and years that it takes to litigate such a matter, the insured who has paid for the right to be promptly indemnified for his loss remains unpaid.

We are convinced, however, that this undesirable situation is precisely what is permitted by the decisions which are controlling upon us. In *Roylance* v. *Doelger* (1962) 57 Cal.2d 255 [19 Cal.Rptr. 7, 368 P.2d 535] Mr. and Mrs. Bullis had recovered in another action judgment of $5,116.07 against plaintiff corporation which paid the judgment. Plaintiff corporation then instituted an action to recover that amount from its liability insurance carrier. The insurance carrier answered denying liability and cross-complaining against Mr. and Mrs. Doelger on the ground that plaintiff corporation in doing the act for which judgment was taken against it was acting under the direction and control of Mr. and Mrs. Doelger. The cross-complaint alleged that if plaintiff recovers from its liability insurance carrier, the liability insurance carrier "will be subrogated to plaintiff's alleged right to indemnity from" Mr. and Mrs. Doelger. The cross-complaint was in the form of a declaratory relief action. The Supreme Court reversed the order of the trial court striking the cross-complaint. The opinion deals principally with the propriety of the cross-complaint under the amended provisions of section 442 of the Code of Civil Procedure. Nothing was said about the propriety of the insurance carrier's assertion of the rights of its insured against Mr. and Mrs. Doelger when its insured had not been paid.

In *Rimington* v. *General Accident Group of Ins. Cos.* (1962) 205 Cal.App.2d 394 [23 Cal.Rptr. 40] the cross-defendants raised the issue "that the right to sue for indemnity accrues only after payment has been made . . ." The court brushed aside this argument by pointing out that the cross-complaint was merely for declaratory relief.

In *B. F. G. Builders* v. *Weisner & Coover Co.* (1962) 206 Cal.App.2d 752 [23 Cal.Rptr. 815] a cross-complaint based upon indemnification was held to lie without any discussion by the court of the effect of failure to pay.

In *Dreybus* v. *Bayless Rents* (1963) 213 Cal.App.2d 506 [28 Cal.Rptr. 825] the court acknowledged that it "was the well established rule of the common law that an action for indemnity could not be maintained until the person seeking indemnity had paid the claim in question. It followed therefrom that an attempt to involve the alleged indemnitor in the original action was premature." The court concluded, however, that on the basis of *Roylance* and its progeny "the courts of California have now definitely agreed upon the rule that a defendant may, by cross-complaint for a declaration of the rights of the parites, bring in a party from whom he claims indemnity in

case he be held liable in the principal action. There perhaps would be some uncertainty if the cross-complaint was strictly in the form of an action for indemnity due to the provisions of section 2778 of the Civil Code. However, the courts are committed to the theory that a cross-complaint in the form of an action for declaratory relief may properly be maintained under the circumstances." The same result was reached in *J. C. Penney Co.* v. *Westinghouse Electric Corp.* (1963) 217 Cal.App.2d 834 [32 Cal.Rptr. 172].

In *Hartford Acc. & Indem. Co.* v. *Bank of America* (1963) 220 Cal. App.2d 545 [34 Cal.Rptr. 23] the insurer was liable to the insured in the amount of $2,500 because of a dishonest act of the insured's employee. The employee was able to perpetrate the act because of the negligence of the Bank of America. Without paying the insured, the insurer brought an action for declaratory relief against the Bank of America and the appellate court held that the insurer was entitled to maintain the action.

The accountants rely upon *Iusi* v. *City Title Ins. Co.* (1963) 213 Cal. App.2d 582 [28 Cal.Rptr. 893] and similar cases. But in *Iusi,* as in each of the other cases cited by the accountants, the action was not one for declaratory relief, but an attempt to obtain a money judgment against a third person by a subrogee who had not paid the subrogor. While the difference in result based upon the form of pleading is difficult to justify, it nevertheless exists.

"[I]n a malpractice action against an accountant the statute of limitations does not run until the negligent act is discovered, or with reasonable diligence could have been discovered." (*Moonie* v. *Lynch* (1967) 256 Cal.App. 2d 361 [64 Cal.Rptr. 55].) ■ Here the insurers allege that the negligence of the accountants was not discovered, and could not with reasonable diligence have been discovered, until August 28, 1967. The applicable statute of limitations is two years. (Code Civ. Proc., § 339, subd. 1.) The accountants claim that if and when the insurers are subrogated to the rights of the insured by paying the insured, the statute of limitations will long since have run on the insured's claim against the accountants. But the implication of the cases cited above permitting a declaratory relief action against a third person before the indemnitor or surety has made payment is that the filing of the declaratory relief action (here the first amended cross-complaints) stops the running of the statute of limitations.

■ Since it was error to sustain the demurrers to the first amended cross-complaints without leave to amend, the order of dismissal is reversed.

Wood, P. J., and Thompson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 28, 1970.