[Civ. No. 19208. First Dist., Div. One. Jan. 16, 1961.]

EUGENE A. TALIAFERRO, Appellant, v. M. R. HAYS et al., Defendants; DOROTHY DAVIS, Respondent.

Eugene A. Taliaferro, in pro. per., for Appellant.

Frisbie & Hoogs for Respondent.

BRAY, P. J.—Plaintiff appeals upon a clerk's transcript from an adverse judgment in an action to reform a certain deed.

### QUESTIONS PRESENTED

1. Was the default judgment against defendant Hays res judicata as against defendant Davis?

2. Alleged failure to properly plead a property settlement agreement.

### RECORD

Plaintiff sued M. R. Hayes, Consuelo Hays and Kathryn Lambert to reform a deed alleged to be dated March 6, 1943, and executed by M. R. Hays, Consuelo M. Hays, his wife, and

*Assigned by Chairman of Judicial Council.

Kathryn Lambert, to plaintiff, and notarized as of the same date. Plaintiff alleged that through mistake and inadvertence the deed was dated 1943 when the correct date was 1946, and asked that the deed be amended to show the latter date.* Hays defaulted, and on October 14, 1958, a default judgment was entered against Hays reforming the deed as prayed for in plaintiff's complaint. On October 30 plaintiff filed an amended complaint which was substantially the same as the original complaint except that it added as additional defendants plaintiff's former wife, Dorothy Davis, and Fauna Defoe, who it alleged was the notary who inadvertently dated the acknowledgment of the deed as of 1943 instead of the true date, 1946. Fauna defaulted. After a trial of the issues between plaintiff and defendant Davis the trial court found that the true date of the deed was March 6, 1943, the date shown on it, and that it was executed and delivered by the grantors on that date. The trial court in its findings found that the deed as actually executed and delivered was made to plaintiff *and his wife as joint tenants* and that prior to recording, the wife's name and "as joint tenants" were deleted from the deed, and after plaintiff's name his address and the words "a Single man" were inserted. The judgment did not reform the deed, but was that plaintiff take nothing by his complaint.

1. *Was the Default Judgment Against Defendant Hays Res Judicata as Against Defendant Davis? No.*

 Obviously a defendant cannot be bound by a default judgment against codefendants, taken in her absence and without an opportunity to present her case. Otherwise the non-defaulting defendant would be denied her day in court.

In *Walters* v. *Mitchell* (1907), 6 Cal.App. 410 [92 P. 315], a deed had been executed by one Faessler to *George* F. Terschuren. Apparently the true name of Terschuren was *Gerhard* F. Terschuren. Gerhard deeded the property to one Mitchell, who entered into an agreement to sell it to the plaintiff Walters. After Walters objected to the title, Mitchell and Gerhard Terschuren sued the estate of Faessler alleging that by mistake the first deed was executed to *George* instead of *Gerhard* and that the true name of the grantee was *Gerhard* as there was no such person as *George*. A judgment to that effect was entered. In the action brought by Walters against Mitchell

---

*The importance of these dates is that if 1943 is the correct date of the deed, the deed antedated a property settlement agreement executed by plaintiff and his wife on December 1, 1943.

to recover the purchase price on the ground that Mitchell's title was defective, the court held the title defective, as the judgment reforming the deed in the action against Faessler was not binding on *George* because he had not been joined in the action.

In *McCosker* v. *Fredericksen* (1957), 149 Cal.App.2d 489 [308 P.2d 836], a prior action to quiet title to real property was brought against persons named as purchasers in an agreement when the plaintiffs (vendors under the agreement) knew that the property was in the possession of other persons who claimed title thereto by virtue of their purchase at execution sale of the vendee's interest therein. A default judgment quieting the plaintiff's title was rendered in that action. In the subsequent action between the quiet title action plaintiffs and the execution purchasers it was claimed that the quiet title judgment was res judicata. The court held that it was not and that the judgment could not bind the purchasers as they were not parties in the quiet title action.

2. *Pleading Property Settlement Agreement.*

In her answer and "by way of counterclaim" defendant Davis alleged that the property described in the deed referred to in plaintiff's amended complaint was community property of the parties during coverture and was "covered" by a certain property settlement agreement entered into between plaintiff and defendant Davis December 1, 1943. Defendant prayed that it be adjudged that the property is subject to and governed by said agreement. In its *findings* the court found that the property was so covered. However, both in the *conclusions of law* and the *judgment* no mention is made of this agreement or any rights under it. Both conclusions of law and judgment merely adjudge that plaintiff take nothing by his complaint. Plaintiff contends that the agreement was not properly pleaded. Inasmuch as the court granted no relief based upon this agreement, we see no reason for considering plaintiff's contentions concerning the document. The agreement is completely foreign to any issue decided by the judgment.

Judgment affirmed.

Tobriner, J., and Duniway, J., concurred.