[Civ. No. 19643. First Dist., Div. Three. Jan. 30, 1962.]

EUGENE A. TALIAFERRO, Plaintiff and Appellant, v. THE MUNICIPAL COURT FOR THE SAN PABLO JUDICIAL DISTRICT et al., Defendants and Respondents; HOWARD ROHRER, Real Party in Interest and Respondent.

Eugene A. Taliaferro, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Connella, Sherburne & Myers for Real Party in Interest and Respondent.

SALSMAN, J.—This litigation arises out of the sale of a motor vehicle by Howard Rohrer to one Baxter, who in turn transferred the vehicle to the appellant Taliaferro. These suits then followed, in this order:

(1) *Taliaferro* v. *Howard Rohrer,* filed in the Municipal Court for the San Pablo Judicial District;

(2) *Rohrer* v. *Taliaferro,* filed in the Municipal Court for the Berkeley-Albany Judicial District;

(3) *Taliaferro* v. *The Municipal Court for the Berkeley-Albany Judicial District and Rohrer,* filed in the Superior Court of Alameda County (application for a writ of prohibition to prohibit the Berkeley court from further proceedings in No. 2 above; writ granted and made permanent);

(4) *Rohrer* v. *Taliaferro,* filed in the Municipal Court for the San Pablo Judicial District;

(5) *Taliaferro* v. *Rohrer and the Municipal Court for the San Pablo Judicial District,* filed in the Superior Court in Contra Costa County (application for a writ of prohibition to prohibit further prosecution of suit No. 4 above).

It is from the denial of the writ of prohibition in proceeding No. 5 above that this appeal is prosecuted.

In applying for the writ in the Superior Court in Contra Costa County the appellant alleged that action No. 2 was still pending in the Municipal Court for the Berkeley-Albany Judicial District, although the further prosecution of that case had been permanently prohibited by the Superior Court in Alameda County, at the appellant's request.

There is thus presented a single question for decision: Is an action still pending when its further prosecution has been permanently prohibited by a final judgment of a higher court?

Code of Civil Procedure section 1049 provides as follows: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

In action No. 3 above, the Superior Court in Alameda County prohibited the Municipal Court for the Berkeley-Albany Judicial District from further proceedings. The basis for its judgment was that the Berkeley-Albany Municipal Court was proceeding without or in excess of its jurisdiction, in that jurisdiction of the dispute between these parties had already been assumed by the San Pablo Municipal Court. (Code Civ. Proc., § 1102; *Rausch* v. *Superior Court,* 40 Cal. App.2d 707 [105 P.2d 627]; *Browne* v. *Superior Court,* 16 Cal.2d 593 [107 P.2d 1, 131 A.L.R. 276]; *Myers* v. *Superior Court,* 75 Cal.App.2d 925 [172 P.2d 84].)

 The Superior Court in Alameda County having issued and made permanent its writ of prohibition arresting further proceedings in the Berkeley-Albany Municipal Court, and that order having now become final, the action in the Berkeley-Albany Court is no longer a "pending action" within the meaning of Code of Civil Procedure section 1049. The Berkeley-Albany court has been found to be without jurisdiction, and any further proceedings by it would be a nullity. (*Estate of Palmieri,* 120 Cal.App. 698 [8 P.2d 152]; *Warner* v. *Pacific Tel. & Tel. Co.,* 121 Cal.App.2d 497 [263 P.2d 465]; 13 Cal.Jur.2d, Courts, § 51, p. 536.) Thus, while the Berkeley-Albany action may still be on file with the clerk of that court, it cannot proceed; further action in the case is not pending, nor is it merely suspended—it has been abated, and the action is absolutely dead. (1 Am.Jur., Abatement and Revival, § 2, pp. 19-20.)

What has thus been said is determinative of the appeal before us, and a discussion of other points urged by the appellant is unnecessary.

We have noted the respondent's request for sanctions pursuant to rule 26(a) of Rules on Appeal. The request is denied.

The order denying the peremptory writ is affirmed.

Draper, P. J., and Devine, J., concurred.