[Civ. No. 29863.   Second Dist., Div. Two.   June 23, 1966.]

GEORGE WALTER BROKATE, as Executor, etc., Cross-complainant and Appellant, v. HEHR MANUFACTURING CO., Cross-defendant and Respondent.

Garber & Garber, Paul F. Garber, Kumler, Hodge & Croskey, Richard E. Hodge and Ronald E. Goodgame for Cross-complainant and Appellant.

Wright, Wright, Goldwater & Mack, Augustus F. Mack, Jr., and John H. Rice for Cross-defendant and Respondent.

ROTH, P. J.—This is an appeal from a judgment of dismissal entered after an order sustaining a demurrer of respondent

to the cross-complaint of A. W. Brokate,[1] appellant herein.

On December 16, 1964, Russell T. Swendseid, as plaintiff, filed suit against A. W. Brokate for slander. Swendseid is not a party to this appeal. Swendseid, in his complaint, alleged he is a certified public accountant, and at all times relevant to the suit acted as accountant for one Elmer T. Hehr in his personal matters "and . . . in the conduct of [Hehr's] respective business enterprises," and that on or about December 17, 1963, at the residence of Elmer T. Hehr and in the presence of Elmer T. Hehr and Betty Hehr, appellant falsely and maliciously said: "Russell T. Swendseid is going to lose his C.P.A. license, or at the least will be thrown out of Frazer and Torbet (plaintiff's employer) because Swendseid has misled the board of directors of Ridgelite in order to line his own pockets; that Swendseid received a secret finder's fee for the Ridgelite investment; that Swendseid pocketed at least some of the money supposedly used by the Hehr Enterprises to buy the stock of the original Ridgelite Company."

Swendseid's complaint alleges other prerequisites to a cause of action for slander, and prays for general and punitive damages totaling $1,000,000.

On February 9, 1965, appellant Brokate answered Swendseid's complaint and concurrently filed the cross-complaint against Hehr Manufacturing Company as cross-defendant. The ruling on the demurrer to said cross-complaint is here under scrutiny. The answer to the Swendseid complaint admitted some of its allegations, denied others, and pleaded a number of affirmative defenses. Among other things, the answer alleged that appellant and Elmer T. Hehr were directors of Hehr Manufacturing Company, for which Swendseid was an accountant, and that Ridgelite (the true name of which is Lightweight Processing Co.) was a wholly-owned subsidiary of Hehr Manufacturing Company. The affirmative defenses, among other things, affirmed the truth of the statements pleaded as slander by Swendseid and allege specifically:

"[Appellant] . . . was a member of the Board of Directors of Hehr Manufacturing Company, . . . and had been a member . . . continuously for over six years immediately preceding said date. [December 17, 1963.]

". . . Elmer T. Hehr was the owner of a substantial and

---

[1]A. W. Brokate, the cross-complainant and appellant herein, died pending this appeal. An order upon proper showing therefor has been made by this court substituting George Walter Brokate, executor of the estate of A. W. Brokate, for A. W. Brokate, deceased.

controlling interest in HEHR MANUFACTURING CO. LIGHTWEIGHT PROCESSING CO. . . . , was on . . . December 17, 1963, a wholly owned subsidiary of HEHR . . . The parties . . . refer to LIGHTWEIGHT PROCESSING CO. colloquially as 'RIDGELITE COMPANY'. . . .

" . . . . . . . . . . . . . .

". . . on or about December 17, 1963, [appellant] was requested by ELMER T. HEHR and BETTY HEHR to discuss plaintiff's activities concerning [Swendseid's] relation with HEHR MANUFACTURING CO. and LIGHTWEIGHT PROCESSING COMPANY;

". . . [a]ny of the statements set forth in . . . the Complaint . . . were made in the presence of ELMER T. HEHR or BETTY HEHR . . . were made in response to their request in good faith . . . and without malice. . . ."

Appellant's cross-complaint for declaratory relief against the Hehr Manufacturing Company is brief and cryptic. It invokes the provisions of Corporations Code, section 830, and so far as is pertinent here, alleges that at all material times appellant was a director of that corporation; "That [appellant] is presently being sued by the Plaintiff in the above entitled matter arising out of his alleged misfeasance in the performance of his duties while he was a director of the Cross-Defendant" and concludes with a prayer that in the event appellant is successful, the court declare that respondent pay all of appellant's reasonable expenses, including attorney's fees incurred in the defense of the Swendseid complaint.

Cross-defendant Hehr Manufacturing Company (respondent herein) demurred to the cross-complaint on the grounds that the action for indemnity was premature, and that the complaint in the main action did not sue appellant as a director, but as an individual. A minute order reflects that the demurrer was sustained on both grounds without leave to amend. A judgment of dismissal was entered. In the judgment, the words "with prejudice" following the word "dismissal" were struck out. Our conclusion, fortified by respondent's argument is that by the deletion the trial court made it clear that it relied and would continue to rely upon the issue of prematurity and that leave to amend would be futile.

Respondent asserts that a cross-complaint for declaratory relief under Corporations Code, section 830 is not available, since no award for indemnity may be granted until the person seeking indemnity "is successful in whole or in part, or the

proceeding against him is settled with the approval of the court.''[2]

''The question at issue before us is thus not the sufficiency of defendant's allegations to state a cause of action for declaratory relief and for the judgment over, sought against cross-defendants, but, rather, whether under the circumstances defendant is entitled to seek such relief through the medium of a cross-complaint.'' (*Roylance* v. *Doelger*, 57 Cal.2d 255, 258 [19 Cal.Rptr. 7, 368 P.2d 535].)

No actual award for costs may be made by the court until the indemnitee's success in whole or in part is determined and there has been an adjudication of the prerequisites set forth in (1) and (2) of section 830, subdivision (a). (*New Capital for Small Businesses, Inc.* v. *Saunders*, 215 Cal.App.2d 728, 733 [30 Cal.Rptr. 563].) This rule, in our opinion, does not prevent a corporate officer from cross-complaining for declaratory relief pending the outcome of an action.

The principle is well established in this state that a

---

[2]Corporations Code, section 830 provides in pertinent part: ''(a) When a person is sued, either alone or with others, because he is or was a director . . . of a corporation . . . in any proceeding arising out of his alleged misfeasance or nonfeasance in the performance of his duties or out of any alleged wrongful act against the corporation or by the corporation, indemnity for his reasonable expenses, including attorney's fees incurred in the defense of the proceeding, may be assessed against the corporation . . . by the court in the same or a separate proceeding, if both of the following conditions exist:

''(1) The person sued is successful in whole or in part, or the proceeding against him is settled with the approval of the court.

''(2) The court finds that his conduct fairly and equitably merits such indemnity.

''The amount of such indemnity shall be so much of the expenses, including attorney's fees, incurred in the defense of the proceeding, as the court determines and finds to be reasonable.

''. . . . . . . . . . . .

''(f) Notwithstanding the provisions of subdivisions (a), (b), (c), (d) and (e) of this section, the board of directors may authorize a corporation to pay expenses incurred by, or to satisfy a judgment . . . rendered . . . against, a present or former director . . . of the corporation in an action brought by a third party against such person (whether or not the corporation is joined as a party defendant) to impose a liability or penalty on such person . . . while a director . . . or by the corporation, or by both; provided, the board of directors determines in good faith that such director . . . was acting in good faith within what he reasonably believed to be the scope of his employment or authority and for a purpose which he reasonably believed to be in the best interests of the corporation or its shareholders. Payments authorized hereunder include amounts paid and expenses incurred in settling any such action or threatened action. This subdivision (f) does not apply to any action instituted or maintained in the right of the corporation by a shareholder or holder of a voting trust certificate representing shares of the corporation.''

defendant may cross-complain for a declaration of the duty of a cross-defendant to indemnify a cross-complainant in the event the latter is held liable to the plaintiff in the main action. (*Roylance* v. *Doelger, supra; B.F.G. Builders* v. *Weisner & Coover Co.*, 206 Cal.App.2d 752 [23 Cal.Rptr. 815] ; *Rimington* v. *General Accident Group of Ins. Cos.*, 205 Cal. App.2d 394 [23 Cal.Rptr. 40] ; *Dreybus* v. *Bayless Rents,* 213 Cal.App.2d 506, 508 [28 Cal.Rptr. 825].) Although the cases above cited do not deal with section 830 of the Corporations Code, the rule announced in those cases would, it seems to us, logically apply to the situation at bench, where the duty to indemnify depends on the success, rather than the defeat of the person seeking indemnity.

Our conclusion is supported by the language of the section itself. ▆▆ Section 830, subdivision (a), under which this cross-complaint is made, provides, *inter alia,* for indemnity "in the same . . . proceeding" where the defendant is sued "alone." The procedure employed herein is an appropriate method of effectuating the rights given by section 830, subdivision (a).

Respondent also contends that the cross-complaint is improper because appellant was not "sued . . . because he is or was a director" as required by section 830, subdivision (a). Respondent argues that since the Swendseid complaint makes no mention of appellant's capacity as a director of any corporation, that appellant's right to indemnity can be determined only by its allegations. Appellant argues that his cross-complaint sufficiently pleads his status as a director at the time of the alleged slander, and that the pleadings as a whole demonstrate that the statements upon which the cross-complaint is based, involved corporate affairs.

The pleadings as a whole reveal that appellant was being sued because he was in fact acting as a director at the time of the alleged slander. The majority rule in the United States is that an employee or agent of a corporation could commit a slander while acting in the course of his duties, which would result in corporate liability. (10 Fletcher, Cyclopedia Corporations (1961 rev. vol.) p. 519, and cases cited; *Swift & Co.* v. *Gray,* 101 F.2d 976, 980-981 (applying California law).)

▆▆ A statement is privileged if it is made without malice to one who has an interest therein by one who is also interested and has a reasonable moral or legal duty to disclose the information (Civ. Code, § 47, subd. 3; *Swift & Co.* v. *Gray,*

*supra,* at p. 980.) ■ There is no reason, therefore, why a person accused of making defamatory statements, who makes them while acting as a director of a corporation, and with respect to corporate business, may not receive indemnity from the corporation for his costs if he ultimately acquits himself, either because the statements were privileged or for other reasons; provided, of course, that "The court finds that his conduct fairly and equitably merits such indemnity." (Corp. Code, § 830, subd. (a)(2).)

The question remains, however, whether the right to cross-complain for such indemnity should depend solely upon the allegations of the complaint in the main action, upon the cross-complaint, or the pleadings as a whole. It has been noted that we have before us only a demurrer to the cross-complaint. The issue, therefore, is whether *that* pleading states sufficient facts to state a cause of action.

■ A demurrer tests only the sufficiency of the pleading to which it is directed. ■ The cross-complaint, standing alone, does fail to disclose the circumstances under which the statements in issue were made, and thus does not sufficiently allege that appellant was acting in the performance of his duties as a director at the time. The missing facts, however, some of which we have excerpted above, are supplied by the answer to the Swendseid complaint concurrently filed. The pleader, by the simple device of incorporating the allegations of the answer into the cross-complaint, could have made vital facts clear. In short, facts which could have made the cross-complaint solid as against general demurrers, were readily available.

It is trite to say that it is an abuse of discretion to sustain a demurrer to a pleading without leave to amend when the defect, even though one of substance, can be easily cured. (*Loper* v. *Flynn,* 72 Cal.App.2d 619, 623 [165 P.2d 256]; *King* v. *Mortimer,* 83 Cal.App.2d 153, 158 [188 P.2d 502]; *Adkins* v. *City & County of San Francisco,* 8 Cal.App.2d 620, 621 [47 P.2d 751].) It is clear from the record that the missing allegations could have been easily supplied. The court erred, therefore, in sustaining the demurrer without leave or by sustaining the demurrer on the ground that the cross-complaint was prematurely filed.

Respondent argues that the foregoing notwithstanding, appellant has misconceived his remedy. It asserts that in 1957, the Legislature amended section 830, adding subdivision (f), which allows the corporation to pay a director or officer his

costs or pay a judgment rendered against him in nonderivative suits only, and that such amendment means that since 1957, subdivision (a), under which appellant sues, has become applicable exclusively to derivative suits. Respondent urges therefore that appellant could obtain indemnification only if the board of directors decided in good faith to award it. Respondent cites no cases, and intelligent analysis does not support such an interpretation of the statute.

It is not disputed that prior to 1957 subdivision (a) was applicable to nonderivative, as well as derivative suits. The language of that subdivision refers to a suit against a director "in *any* proceeding" arising out of "'misfeasance or nonfeasance in the performance of his duties *or* out of any alleged wrongful act against the corporation. . . .'" (Italics added.) The provision for suits for wrongs against the corporation is clearly a reference to derivative suits, and the use of the preceding disjunctive "or" separates that provision alternatively from the provision for *other* suits for nonfeasance or misfeasance in the performance of the director's duties—i.e. nonderivative suits. Moreover, subdivision (d) specifically states: "This section applies to all proceedings specified in subdivision (a), whether brought by the corporation, . . . one or more of its shareholders . . . or *any private person*. . . ." (Italics added.) The reference to suits by "any private person" would be irrelevant if subdivision (a) did not apply to nonderivative suits.

A study of section 830 reveals that the foregoing language has remained unchanged before and after the 1957 amendment.

Prior to the amendment, subdivision (e) proscribed any corporate decision as to the indemnification of its directors or officers.[3] The matter was entirely in the hands of the court. In addition, subdivision (e) allowed indemnification only for costs and attorney's fees to a successful litigant. ▇ In 1957, by the addition of subdivision (f) the Legislature permitted a corporation to decide in good faith whether it would indemnify even an unsuccessful litigant director or

---

[3]Section 830, subdivision (e) reads as follows: "The rights and remedy provided by this section are exclusive. The awarding of indemnity for expenses, including attorneys' fees, to parties to such proceedings, whether terminated by trial on the merits or by settlement or dismissal, shall be made only upon order of court pursuant to this section, and shall not be governed by any provision in the articles or by-laws of the corporation or by resolution or agreement of the corporation, its directors, or its shareholders."

officer not only for his costs but for the amount of the judgment rendered against him. The new subdivision reads, in part: *"Notwithstanding* the provisions of subdivisions (a), (b), (c), (d) and (e) of this section, the board of directors *may* authorize a corporation to pay [costs or a judgment] . . . ." (Italics added.) Nothing in that language indicates any intent on the part of the Legislature to limit the subdivision (f) remedy to a director who is a defendant only in a nonderivative suit. On the contrary, it seems clearly intended to liberalize rather than restrict the right of indemnity in such actions. Thus, whether the corporation decides favorably or unfavorably, the successful litigant may receive a court order for reimbursement for his costs. And "notwithstanding" the failure of a court to award such reimbursement, the corporation may choose to fully indemnify even an unsuccessful litigant.

We conclude that the cross-complaint at bench, with the amendments which can be supplied, states a cause of action for indemnity under the provisions of section 830, subdivision (a) of the Corporations Code. The points raised by the demurrer could have been cured. The judgment of dismissal was erroneous.

The judgment is reversed with directions that the superior court permit amendment of the cross-complaint as suggested herein, and as appellant may be able to properly make.

Herndon, J., and Fleming, J., concurred.