[Civ. No. 32454.   Second Dist., Div. Two.   Jan. 22, 1969.]

AETNA LIFE INSURANCE COMPANY, Plaintiff, v. JAN BROWNING CARTER, Defendant and Appellant; MARGARET HOCHMAN, Defendant and Respondent.

Warren M. Goodwin and Bernard R. Schulhof for Defendant and Appellant.

Joseph J. Goodman for Defendant and Respondent.

HERNDON, J.—Jan Carter appeals from a judgment of the trial court determining that respondent Margaret Hochman is entitled to the proceeds of a certain life insurance policy. Appellant makes no specific assignment of error but argues generally that the terms of the policy are not uncertain or ambiguous and therefore that extrinsic evidence should not have been received to aid in the determination of the intent of its provisions. We have concluded that this contention is unmeritorious.

Bob Carter, the insured, died on June 18, 1964, at the age of sixty. At the time of his death he was insured under a group life insurance policy issued by Aetna Life Insurance Company to the employees of the Utility Trailer Manufacturing Company. Until her death on March 30, 1964, the insured's wife had been the designated beneficiary of this policy.

Thereafter, on April 14, 1964, the insured executed a printed form entitled "Designation of Beneficiary." The pertinent part of this document consisted of three columns with printed headings. The first printed heading was "Name of Beneficiary" and typed in the space below the heading was "Mrs. Margaret Hochman." The second was headed "Related to me as" and typed below was "Administrator & Executrix of my will." The third column was headed "Address of Beneficiary" and typed beneath was "5436 Kilgarry Ave., Pico-Rivera, Cal."

Appellant contends that as a matter of law the words "Administrator & Executrix of my will" can never be *descriptio personae*, i.e., a statement of relationship intended for identification. He asserts that they must be deemed a clear and unambiguous expression of the insured's intent that the named beneficiary should have no personal interest in the proceeds of the policy but should take them in a representative

capacity, i.e., "*as*" executrix of the will.[1] The one case cited by appellant in support of this contention, *Estate of Reade,* 31 Cal.2d 669 [191 P.2d 745], holds exactly to the contrary.

In *Reade,* page 671, the insured had "filled in the [insurance] form, making 'Olive Helen Ruhland, *as* Executrix of my will . . .' the beneficiary." (Italics added.) The court stressed the fact that the word "as" "obviously means 'in the character of executrix'." Nevertheless, it regarded the extrinsic evidence on the subject as properly received and held that despite "some evidence to the contrary the foregoing sufficiently supports the trial court's *finding* and conclusion that Mrs. Ruhland received the fund in a representative capacity." (Italics added.)

█ Respondent has compiled in her brief a great many cases holding that in the absence of the word "as," a designation of relationship is to be regarded as a mere *descriptio personae* which does not operate to restrict the interest of the named beneficiary. However, respondent does not, and need not, contend that the instant designation of beneficiary is free of all uncertainty since the extrinsic evidence, if properly received, unquestionably is sufficient to sustain the finding of the trial court made herein, We regard the designation of beneficiary here in issue as patently uncertain and ambiguous, but even if this were not the case the extrinsic evidence would have been properly received.

█ " 'The test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible.' █ To determine whether offered evidence is relevant to prove such a meaning the court must consider all credible evidence offered to prove the intention of the parties. 'If the court decides, after considering this evidence, that the language of a contract, in the light of all the circumstances, "is fairly susceptible of either one of the two interpretations contended for . . ." [citations], extrinsic evidence to prove either of such meanings is admissible.' [Citation.]" (*Delta*

---

[1] On May 23, 1964, the insured wrote a holographic will giving "all I am possessed of" to a Mrs. Olive R. Dower. Listed among his "possessions" is the enigmatic item: "Insurance, $10,000.00" which appellant claims must refer to the policy here in issue. No executor was named in this will. Appellant's interest arises from his claim as pretermited heir of the insured.

*Dynamics, Inc.* v. *Arioto,* 69 Cal.2d 525, 528 [72 Cal.Rptr. 785, 446 P.2d 785].)

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.