[Civ. No. 25198. First Dist., Div. Two. Jan. 24, 1969.]

MASON & ASSOCIATES, INC., Plaintiff and Appellant, v. GUARANTEE SAVINGS & LOAN ASSOCIATION OF LIVERMORE VALLEY et al., Defendants and Respondents.

Miller, Critchfield & Eaton and David S. Madis for Plaintiff and Appellant.

J. D. Cooper for Defendants and Respondents.

SHOEMAKER, P. J.—On March 1, 1966, plaintiff Mason & Associates, Inc., filed a complaint to foreclose a mechanic's lien for certain engineering services and to obtain damages for breach of the contracts pursuant to which such services were performed. The complaint named as defendants Golden City Land Company, A. L. Damon and five Does.

Plaintiff served summons upon the two named defendants and thereafter, on May 12, 1966, took the default of said defendants. On December 1, 1966, a default judgment was entered in favor of plaintiff and against the two named defendants. Said judgment foreclosed the mechanic's lien and awarded plaintiff a money judgment in the amount prayed for in the complaint. No appeal was taken from the judgment, and the same became final.

On June 30, 1967, without the permission of the court, plaintiff filed an amendment to its complaint and thereby sought to substitute in place of the fictitious defendants four individuals or companies: Guarantee Savings & Loan Association of Livermore Valley, A. Carson Conner, Jacob Schley, and Western Title Guaranty Company, Alameda County Division.

On July 10, 1967, all four parties purportedly substituted as defendants filed a motion to quash summons on the ground that the court lacked jurisdiction. On August 7, 1967, after hearing, the court granted the motion to quash. Plaintiff appeals from said order.

Plaintiff argues extensively that a mechanic's lien claimant has two separate and distinct remedies and is entitled both to foreclose his lien and to obtain a personal judgment on the underlying debt. Plaintiff also relies upon the rule that a party substituted in place of a fictitiously named defendant is deemed a party to the action from the date of its commencement for purposes of the statute of limitations. However, neither rule has any bearing upon the sole issue before this court—whether the trial court did or did not possess jurisdiction over the action on the date when plaintiff attempted to amend its complaint to bring in the four additional defendants.

Code of Civil Procedure, section 1049, provides that "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, . . ."

An action which is no longer pending is absolutely dead regardless of the fact that it may still be on file with the clerk of the court. (*Taliaferro* v. *Municipal Court* (1962) 199 Cal.App.2d 613, 614-615 [18 Cal.Rptr. 919].) Stated differently, when a judgment becomes final by lapse of the time for appeal, the court has no further jurisdiction of the subject matter, except in those special situations not here

applicable where continuing jurisdiction exists. (1 Witkin, Cal. Procedure (1954) pp. 407, 458-459.)

Plaintiff has cited one case, *Taliaferro* v. *Hays* (1961) 188 Cal.App.2d 235 [10 Cal.Rptr. 429], and urges that it upheld the bringing in of additional defendants under circumstances such as those here present. However, in that case, the plaintiff's amended complaint adding additional defendants was filed 16 days after the entry of a default judgment against one of three defendants named in the original complaint. It is apparent that said judgment had not become final and, in any event, the action was still pending as against the other two defendants named in the original complaint.

In the instant case, plaintiff elected to serve and to obtain a judgment only against the two defendants named in the original complaint, and plaintiff allowed said judgment to become final before making any attempt to bring additional parties into the action in the place of the fictitiously named defendants. It is obvious that if the procedure utilized were to be approved, it would always be possible, merely by including certain fictitiously named defendants in a complaint, to prolong the life of any lawsuit indefinitely. It is equally apparent that such is not the rule and that once the judgment in the instant action became final, the action was no longer pending before the trial court, which was divested of jurisdiction. The action was dead, and the purported service of summons upon the four above-mentioned parties was a nullity.

Order affirmed.

Agee, J., and Taylor, J., concurred.