[Civ. No. 37958. Second Dist., Div. Four. May 3, 1971.]

P. S. & S., INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LAWRENCE A. COLLINS, Real Party in Interest.

## COUNSEL

Loeb & Loeb and Robert A. Holtzman for Petitioner.

No appearance for Respondent.

Cantillon & Cantillon and James P. Cantillon for Real Party in Interest.

## OPINION

**KINGSLEY, J.**—This is a proceeding for a writ of prohibition to restrain respondent court from taking any further action on the motion of the real party in interest (Collins) for indemnification under section 830 of the

Corporations Code.[1] We issued an order temporarily staying any action in respondent court pending our decision herein on the merits, and issued an order to show cause. Return to that order has been made and the matter has been orally argued before us. For the reasons hereinafter stated, we grant the petition.

On February 20, 1969, Lawrence Collins, the real party in interest, and other persons who were directors, officers or employees of P. S. & S., Inc., a California corporation—the petitioner in this proceeding—were named as defendants in a criminal action in respondent court, being the case of People v. Lawrence Collins, number A-246,545 in the files of that court. Petitioner was not a party to that litigation. Several of the counts against Collins were dismissed by the trial court; his trial on the remaining counts was severed and, at his trial, he was acquitted on the counts not theretofore dismissed. The People appealed from the dismissal order but, after Collins' acquittal, that appeal was dismissed by the People. Thereafter, all the counts against his codefendants were dismissed. A second criminal action was then filed against Collins and some of the other individuals who had been defendants in the first action. Some of the charges against Collins are identical with the counts against him dismissed in the first action; but the second case also contains additional, new charges. The second case (People v. Collins, case No. A-260,890) presently is set for trial in June of 1971.

On December 3, 1970—ten months after his acquittal in the first action and almost eight months after the dismissal of all counts as to all remaining defendants on April 6, 1970—Collins filed a notice of motion for indemnity under section 830 of the Corporations Code. He filed that motion in the case of People v. Collins, case number A-246,545, i.e., the first criminal proceeding, to which proceeding petitioner had never been a party. The motion was noticed for hearing on December 21, 1970, in Department B of the South District of respondent court, Honorable John Shea, judge presiding. Judge Shea had been the trial judge in Collins' first criminal action which had been prosecuted in the Central District of respondent court.

Collins purported to secure service on petitioner by mailing copies of the notice of motion to the individuals who were directors, officers and shareholders of petitioner corporation, and attempted to secure service on petitioner by mailing a copy of the moving papers to attorneys Loeb and Loeb, who, of course, had not represented petitioner in connection with the criminal case in which petitioner was not named.

---

[1]Unless otherwise indicated, subsequent statutory references are to the Corporations Code.

The motion was heard on December 21, 1970, in Department S of the South District of respondent court before Judge Shea. Petitioner, appearing specially, objected to the court's hearing the matter on the merits on the grounds: (a) that the court lacked jurisdiction of the subject matter in that there was no proceeding pending before it in which a motion could be filed; and (b) that the court lacked jurisdiction of the person. The court took the matter under submission and, on December 23, 1970, denied Collins' motion without prejudice on the ground that it had no jurisdiction because the case had been dismissed.

Collins then noticed a motion for reconsideration for hearing on January 19, 1971. He mailed a copy of that notice only to Loeb and Loeb and not to P. S. & S., Inc., or any of its directors, officers or shareholders. The hearing took place in Department M, South District, before Judge Shea. Petitioner again appeared specially and objected to the hearing on the same grounds above stated. But the court reversed its prior ruling, found that it had the requisite jurisdiction; that the language of section 830 of the Corporations Code "seems to convey upon the Court jurisdiction for this type of motion." The court then set the hearing on the merits for February 26, 1971.

On February 5, 1971, petitioner, appearing specially, moved respondent court for an order striking the application of Collins for indemnity, vacating the order setting said application for hearing or in the alternative for an order abating proceedings until termination of all criminal matters pending against Collins as herein set forth. Said motion was denied. This proceeding followed.[2]

Because of the view we take of the procedure required to seek indemnity under section 830, we do not find it necessary to discuss a preliminary matter argued to us—namely whether, under the rules of respondent court, Collins' motion was properly noticed for hearing before Judge Shea, rather than in the master calendar department. We consider only: (1) whether indemnification for the costs of defending a criminal proceeding may be sought under section 830; and (2) if so, whether indemnification may be sought in the criminal proceeding or only by a plenary civil action. We conclude that, under some circumstances, section 830 permits indemnification for a successful defense of a criminal proceeding, but that such in-

---

[2]Although not material to the present proceeding, we note that, according to the papers before us, two of the persons who were named as defendants in the first criminal case, against whom all charges were dismissed and who are not named as defendants in the second criminal case, applied to respondent court, in separate proceedings, for indemnification under Corporations Code section 830, and that the court ordered the present petitioner to pay to them an award for expenses and attorney fees. Petitioner apparently has complied with that order.

demnification must be sought in a plenary civil action against the corporation.

## I

We can find no California case that passes directly on the question of the applicability of section 830 to criminal proceedings. Some of the language in *Brokate* v. *Hehr Mfg. Co.* (1966) 243 Cal.App.2d 133, 140 [52 Cal.Rptr. 672], is suggestive. It is not disputed, that court said, that section 830 is "applicable to nonderivative as well as derivative suits. The language of that subdivision [subdivision (a)] refers to a suit against a director 'in *any* proceeding' arising out of 'misfeasance or nonfeasance in the performance of his duties *or* out of any alleged wrongful act against the corporation. . . .' (Italics added.) The provision for suits for wrongs against the corporation is clearly a reference to derivative suits, and the use of the preceding disjunctive 'or' separates that provision alternatively from the provision for *other* suits for nonfeasance or misfeasance in the performance of the director's duties—i.e. nonderivative suits." But *Brokate* was concerned with a claim for indemnification in a civil action and the court did not have before it the problem which now faces us.

Section 830 was "suggested by and based upon the New York statute as to judicial indemnity. But various deficiencies in the New York act have been met in the light of the New York decisions upon their statute and also the criticism of able writers." (Ballentine, *California's 1943 Statute as to Directors' Litigation Expenses* (1943) 31 Cal.L.Rev. 515, 516.) In 1953, the New York Court of Appeals, in *Schwartz* v. *General Aniline Film Corp.* (1953) 305 N.Y. 395 [113 N.E.2d 533], held that its statute did not authorize indemnification for the defense of an antitrust suit brought against the plaintiff by the federal government. While the reasoning of that case is helpful, it can hardly be held to represent the intention of the California Legislature in enacting our statute 10 years previously.[3]

As Professor Ballentine pointed out, in the article above cited (at p. 520): "The theory of those who drafted the California Act as to the basis of reimbursement of directors, officers and employees for litigation expenses incurred in their employment *without their fault* is that of the duty of a principal to indemnify and reimburse his employee or agent for expenses *springing from the proper performance* of the duties of his employment." (Italics added.)

As Collins points out, subdivision (d) of section 830 makes the indemni-

---

[3]It is not without significance that, when the New York statute was revised in 1963, it expressly permitted indemnification in criminal proceedings.

fication rights apply "to all proceedings . . . whether brought by the corporation, its receiver, its trustee, one or more of its shareholders or creditors, *any governmental body,* any public official, or any private person or corporation, domestic or foreign." (Italics added); and subdivision (f) authorizes the board of directors, without judicial action, to authorize the corporation to "pay expenses incurred by, or to satisfy a judgment *or fine* rendered or levied against, a present or former director, officer or employee of the corporation in an action brought by a third party against such person . . . to impose a liability *or penalty* on such person for an act alleged to have been committed by such person while a director, officer or employee . . ." provided that the act was done in good faith. (Italics added.)

While these subdivisions could well have dealt more specifically with criminal proceedings, they are broadly enough stated to cover the indemnification for the expenses of defending against a criminal prosecution.

Considering both the language and the purpose of the statute we think the legislative intent was to allow a court to award indemnification for the defense of a criminal prosecution in a proper case. In this day of complex regulatory laws it is not difficult to conceive a situation where a person faithfully and lawfully carrying out his duties on behalf of a corporation may be exposed to criminal prosecution, under circumstances which would make it fair and equitable for the corporation to reimburse his expenses after his acquittal.

Under subdivision (a), the director, officer or employee is entitled to indemnification only if he is successful "in whole or in part" and then only if the court finds that "his conduct fairly and equitably merits such indemnity" and only in an amount that the court finds to be reasonable. These limitations seem to us to be an adequate answer to the fear that indemnity might be given to a person unworthy of it.

In the case at bench, the pleadings before us are not sufficient to enable our determination of the interesting questions involved in the application of the statute in particular cases involving criminal prosecutions and we express no opinion thereon; those questions must await a full hearing in a proceeding properly brought.

## II

Subdivision (a) of section 830 authorizes the court to award indemnification "in the same or a separate proceeding." When the claim for indemnification arises out of a civil action, the procedural provisions of section 830, together with the provisions of the Code of Civil Procedure applicable to civil actions generally, make it possible and practicable to

determine the indemnification issue in the same action, whether the corporation was initially a party to that action or not. (See, *Brokate* v. *Hehr Mfg. Co.* (1966) 243 Cal.App.2d 133 [52 Cal.Rptr. 672].)

No such opportunity exists where the claim for indemnification arises out of a criminal prosecution. It would be incongruous to try to append to a criminal proceeding what is essentially a civil action for money against a third party. The procedural anomaly is compounded where the claim is asserted after final judgment in the underlying case. On April 6, 1970, all defendants in the prosecution entitled People v. Collins, A-246-545, had been dismissed or acquitted. The action was concluded for all purposes. Under established rules the proceeding was no longer pending (Code Civ. Proc., § 1049); it was "absolutely dead" and the court had no further jurisdiction of the subject matter. (*Mason & Associates, Inc.* v. *Guarantee Sav. & Loan Assn.* (1969) 269 Cal.App.2d 132, 133 [74 Cal.Rptr. 669].) The motion for indemnification was filed nearly eight months later, on December 3.

The concept of a civil third party cross-complaint filed in a criminal proceeding after final judgment is so bizarre we cannot believe the Legislature intended it, and there is no need to create such a procedure by judicial acceptance. The proper and orderly way for Collins to proceed was and is by a separate civil action for indemnification, which is expressly authorized by subdivision (a) of section 830 of the Corporations Code.

The order to show cause is discharged; let a peremptory writ of prohibition issue, restraining the respondent court from taking any action on the motion for indemnification heretofore filed in case No. A-246,545, except to dismiss said motion for lack of jurisdiction. The writ, when issued, will supersede the stay order heretofore issued by us in this proceeding.

Files, P. J., and Dunn, J., concurred.