[Civ. No. 46926. Second Dist., Div. Two. Nov. 3, 1975.]

JAMES W. McINTIRE et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
SHARON KELLY et al., Real Parties in Interest.

## COUNSEL

Fredrick J. Weitkamp and Harcourt Hervey III for Petitioners.

No appearance for Respondent.

Nathaniel J. Friedman for Real Parties in Interest.

## OPINION

**FLEMING, J.**—The McIntires, petitioners for a writ of mandate, seek to compel the superior court to quash service of summons on them by plaintiffs Kelly in an action for personal injuries and wrongful death arising out of a July 1971 camper-van accident in New Mexico.

In June 1972 plaintiffs filed their action against several named defendants, but not including petitioners, and against Does 1 to 20. In May 1974 plaintiffs' attorney signed and filed a stipulation that "[a]ll parties necessary to disposition of this action have been served" and that "[t]he action is dismissed as to the fictitious and unserved defendants." In August 1974, after the deposition of petitioner James McIntire had been taken,[1] plaintiffs sought court permission to amend their complaint to allege additional damages against one of the named defendants for giving answers to interrogatories which concealed the fact that petitioners supplied the fiberglass camper-top involved in the accident and which thereby prevented suit against petitioners in that plaintiffs had theretofore dismissed all fictitious defendants from the action.[2]

The cause came to trial in September 1974, with petitioner James McIntire on call as a witness for both sides, and the trial continued for four trial days until on 1 October 1974 all parties to the action agreed to a settlement. The settlement of the cause was read into the record and approved by the court, and the jury was discharged.

On 14 December 1974 plaintiffs served petitioners with summons and an amendment to the complaint naming them as Does 2 and 3.[3] On 28 May 1975 the superior court denied petitioners' motion to quash the summons pursuant to Code of Civil Procedure section 418.10, and this writ petition followed.[4]

---

[1]In a declaration, petitioner James McIntire stated that he appeared at the deposition without counsel and had no reason to believe he would be made a defendant in the action. From comments of counsel at the deposition McIntire believed he had sufficiently shown that petitioners had not supplied the fiberglass camper-top involved in the accident. Plaintiffs' counsel later told McIntire, "I would have sued you if I had the time."

[2]Plaintiffs could have sought permission to reinstate the fictitious defendants and amend their complaint to name petitioners. (See *Gilmore* v. *Lick Fish & Poultry, Inc.*, 265 Cal.App.2d 106, 110-111 [71 Cal.Rptr. 212].)

[3]On 28 May 1975 the court ordered the amendment filed *nunc pro tunc* as of 13 December 1974. Petitioners make much of the failure of plaintiffs to file the amendment before service of summons. But it is clear the failure was due to clerical inadvertence. Plaintiffs presented the original document to the court on 13 December 1974 and a court commissioner signed it, but the clerk apparently failed to file the document and instead it was served on one of the petitioners. No prejudice was shown to have resulted from this clerical mixup.

[4]Code of Civil Procedure section 418.10 provides in pertinent part,
"(a) A defendant, on or before the last day of his time to plead or within such further

■ The decision to permit amendment of a complaint and service of fictitious defendants rests in the sound discretion of the trial court. (*Simon* v. *City & County of San Francisco,* 79 Cal.App.2d 590, 600 [180 P.2d 393].) ■ But under the circumstances of this case, we think the trial court exceeded its jurisdiction and abused its discretion in allowing amendment and service.

First, we do not believe the trial court retained jurisdiction in the cause. (Code Civ. Proc., §§ 581, subd. 1, 1049.) "An action which is no longer pending is absolutely dead regardless of the fact that it may still be on file with the clerk of the court." (*Mason & Associates, Inc.* v. *Guarantee Sav. & Loan Assn.,* 269 Cal.App.2d 132, 133 [74 Cal.Rptr. 669].) This action was no longer pending after plaintiffs stipulated to dismissal of all fictitious defendants, brought the named defendants to trial, settled with all named defendants, obtained approval of the settlement by the court, and allowed the time for appeal to expire.

time as the court may for good cause allow, may serve and file a notice of motion either or both:

"(1) To quash service of summons on the ground of lack of jurisdiction of the court over him.

". . . . . . . . . . . . . . .

"(c) If such motion is denied by the trial court, the defendant, within 10 days after service upon him of a written notice of entry of an order of the court denying his motion, or within such further time not exceeding 20 days as the trial court may for good cause allow, and before pleading, may petition an appropriate reviewing court for a writ of mandate to require the trial court to enter its order quashing the service of summons or staying or dismissing the action. The defendant shall file or enter his responsive pleading in the trial court within the time prescribed by subdivision (b) unless, on or before the last day of his time to plead, he serves upon the adverse party and files with the trial court a notice that he has petitioned for such writ of mandate. The service and filing of such notice shall extend his time to plead until 10 days after service upon him of a written notice of the final judgment in the mandate proceeding. Such time to plead may for good cause shown be extended by the trial court for an additional period not exceeding 20 days."

Plaintiffs contend this court has no jurisdiction to issue a writ because petitioners failed to seek appellate review within the time provided by Code of Civil Procedure section 418.10, subdivision (c). Within the statutory time, however, on good cause shown by petitioners the trial court extended the time to answer or seek appellate review to 90 days, and petitioners acted within that time. The court is empowered by Code of Civil Procedure section 473 and general equitable principles to grant extensions of time during the statutory period. (*Cornell University Medical College* v. *Superior Court,* 38 Cal.App.3d 311, 314-315 [113 Cal.Rptr. 291].)

Assuming the trial court exceeded its powers in extending time to answer or seek appellate review beyond an additional 20 days, we believe plaintiffs have waived objection on that ground for purposes of this petition by not seeking immediate appellate relief from the trial court's order. In any event, petitioners have used the motion to quash service of summons simply as the procedural vehicle to raise their substantive objections to plaintiffs' conduct. This court has inherent power to grant extraordinary relief to prevent action by the trial court in excess of its jurisdiction once the trial court has rejected objection on that ground. (*Harden* v. *Superior Court,* 44 Cal.2d 630, 634 [284 P.2d 9].)

Efficient administration of justice requires that finality be brought to each cause at some determinable point. This cause reached the point of termination well before the time plaintiffs belatedly sought to revive it against a new group of defendants. As the court observed in *Mason, supra,* "plaintiff elected to serve and to obtain a judgment only against the two defendants named in the original complaint, and plaintiff allowed said judgment to become final before making any attempt to bring additional parties into the action in the place of the fictitiously named defendants. It is obvious that if the procedure utilized were to be approved, it would always be possible, merely by including certain fictitiously named defendants in a complaint, to prolong the life of any lawsuit indefinitely. It is equally apparent that such is not the rule and that once the judgment in the instant action became final, the action was no longer pending before the trial court, which was divested of jurisdiction. The action was dead, and the purported service of summons upon the four above-mentioned parties was a nullity." (P. 134.)

Second, to justify the addition of new defendants, plaintiffs must have acted with due diligence to bring them in as parties. (See *Randall* v. *Beber,* 107 Cal.App.2d 692, 709 [237 P.2d 994].) Plaintiffs exhibited no such diligence. Although they had notice of petitioners' potential involvement in the cause over a month before trial, they gave no indication of intention and made no attempt to sue petitioners until after completion of the trial against, and settlement with, all named defendants. Prejudice to petitioners is evident. Petitioner James McIntire was deposed and subpoenaed as a witness, not a party. Petitioners were, naturally, unaided by counsel before the trial and unable to avail themselves of potentially favorable discovery proceedings. Petitioners would stand alone as defendants in a second trial, unless they were allowed to cross-complain against the named defendants. The unfairness of such a procedure to both petitioners and the named defendants is patent.

The alternative writ is discharged. Let a peremptory writ of mandate issue directing the superior court to vacate its denial of petitioners' motion to quash service and enter a new order granting the motion.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied December 2, 1975, and the opinion was modified to read as printed above.