William M. SLAVIK v. The ESTATE OF Mike SLAVIK

CA 93-568 880 S.W.2d 524

Court of Appeals of Arkansas
En Banc
Opinion delivered June 15, 1994

*Kincade Law Office*, by: *Ronald P. Kincade*; and *Osmon, Chism & Ethredge, P.A.*, by: *Kerry D. Chism*, for appellant.

*Johnson, Sanders & Morgan*, by: *James C. Johnson* and *Roger L. Morgan*, for appellee.

JOHN E. JENNINGS, Chief Judge. Mike Slavik died testate on August 21, 1991, in Mountain Home. He was survived by five children and two stepchildren. His will left to each 16% of the assets of his estate, except for a stepdaughter who received 4%. The will named a son, Joseph Slavik, and a stepson, Edward Bishop, as co-executors.

When the proceeds of a $15,000.00 life insurance policy were not included in the inventory of the estate assets, the appellant, William Slavik, filed an objection. The probate judge held that the life insurance proceeds passed outside the will to the named beneficiaries, Joseph Slavik and Edward Bishop, and on appeal William Slavik argues that the judge's decision was clearly erroneous. We find no error and affirm.

The policy in question was taken out in 1979, at which time the decedent designated his then wife, Mary, as the primary beneficiary. His son, Joseph Slavik, and stepson, Edward Bishop, were designated as contingent beneficiaries. Mrs. Slavik died in April, 1991, and on July 12, 1991, Mr. Slavik signed a change of beneficiary form[1] that read:

| Name | Relationship | Date of Birth | Address | Share |
|------|--------------|---------------|---------|-------|
| Joseph Slavik and Edward Bishop | Co-Executors of Estate or, in the alternative, The Estate of Insured Rt. 4, Box 263 Mtn. Home, AR 72653 | | | 100% |

---

[1]The relevant portion of this form is reproduced at the end of this opinion.

Appellant correctly states the generally governing rules. Provisions in insurance policies as to beneficiaries are construed in accordance with the rules applicable to the construction of wills. *American Foundation Life Ins. Co.* v. *Wampler*, 254 Ark. 983, 497 S.W.2d 656 (1973). The cardinal rule in the interpretation of wills or other testamentary documents is that the intent of the testator should be ascertained from the instrument itself and effect given to the intent. *See Ware* v. *Green*, 286 Ark. 268, 691 S.W.2d 167 (1985). The testamentary gift to an executor, designated as such, vests in him as a fiduciary and not personally, unless the intention of the testator is plainly otherwise. 95 C.J.S. *Wills* § 683 (1957).

Appellant argues, as evidence of the decedent's intent, that had Mr. Slavik wanted the life insurance proceeds to go to Joseph and Edward outright, he need not have executed the change of beneficiary form, because they would have received the proceeds after the death of Mary Slavik anyway. While it is true that this would have been the effect of the 1979 designation, there is no indication that the decedent was doing more than merely "updating" his insurance policy as the result of his wife's recent death, as opposed to making a substantive change. And while it is true that insurance policies will be generally interpreted pursuant to the rules governing the construction of wills, leaving property to a legatee as "executor" is somewhat different from inserting the word "executor" in a change of beneficiary form requiring a statement of the relationship between the policy holder and the beneficiary.

But the most serious difficulty with appellant's argument is that the change of beneficiary designation provided that proceeds would go "in the alternative" to the estate of the insured. If possible, a will (or a change of beneficiary form) must be construed to give force and meaning to every clause and provision; it is only if there is an irreconcilable conflict between two clauses that one must give way to the other. *In re Estate of Lindsay*, 309 Ark. 596, 832 S.W.2d 808 (1992). Had Mr. Slavik intended that his son and stepson take the proceeds of his insurance policy only in a representative capacity, there would obviously be no need for the additional language.

Where, on a fair construction of the entire will, the inten-

tion of the testator is clearly manifested that the executor should take personally, he may do so. This is particularly true where the executor is a close blood relative of the testator.

95 C.J.S. *Wills* § 683. The only case we have found with facts somewhat similar to the case at bar is *Carter* v. *Hochman*, 269 Cal. App. 2d 28, 74 Cal. Rptr. 669 (1969). There the decedent executed a designation of beneficiary form naming Mrs. Hochman as beneficiary. Under another heading entitled, "Related to me as," the form showed, "administrator and executrix of my will." The appellate court affirmed the trial court's finding that the decedent intended for the beneficiary to take the proceeds in her own right.

 For the reasons stated the decision of the trial court is affirmed.

ROBBINS and MAYFIELD, JJ., dissent.

In accordance with the conditions of various Group Policies issued to American Telephone and Telegraph Company and its subsidiary and affiliated companies for Basic Group Life Insurance and Supplementary Group Life Insurance by Equitable Life Assurance Society of the United States, Metropolitan Life Insurance Company and Prudential Life Insurance Company of America, I hereby revoke any previous designations of primary beneficiary(ies) and/contingent beneficiary(ies) (if any) (as to all of the Policies covering me) and designate as primary beneficiary(ies) and contingent beneficiary(ies) (if any) in the event of my death, the following:

| NAME (SHOW GIVEN NAME) | Relation-ship | Date of Birth | ADDRESS | SHARE |
|---|---|---|---|---|
| Joseph Slavik, | Co-EXECUTORS OF ESTATE | | | 100% |
| And | | | OR in the alternative, | |
| Edward Bishop | | | The Estate of Insured | |
| | | | Rt. 4, Box 263 | |
| | | | Mtn. Home, AR 72653 | |

In the event all said primary beneficiaries predecease me I designate as contingent beneficiaries

Contingent Beneficiary Designation

| | | | | |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

JOHN B. ROBBINS, Judge, dissenting. I must respectfully dissent from the majority's decision which holds that the probate judge correctly ruled that the proceeds of a life insurance policy were properly payable to Joseph Slavik and Edward Bishop, individually, and not as co-executors of the insured's estate, notwithstanding the fact that the insurance policy designated them beneficiaries, as "co-executors."

The majority opinion appropriately cites the applicable law that provisions in insurance policies as to beneficiaries are construed in accordance with the rules pertaining to the construction of wills, *American Foundation Life Ins. Co.* v. *Wampler*, 254 Ark. 983, 497 S.W.2d 656 (1973), and that a testamentary gift to an executor, especially to an executor designated as such, vests in him as a fiduciary and not personally, unless the intention of the testator is plainly otherwise. 95 C.J.S. *Wills* § 683 (1957). My disagreement with the majority in this case is that I do not believe that there was proof that the intention of the decedent was plainly otherwise. I believe the decedent clearly expressed his intent that Joseph Slavik and Edward Bishop were to receive the insurance proceeds as co-executors by designating them as such in the beneficiary designation form.

The facts are not in dispute and no testimony was introduced before the trial court. Counsel stipulated to the following facts. Mike Slavik was the owner of a $15,000 life insurance policy. In 1979 he made the original beneficiary designation[1] which listed his wife Mary as primary beneficiary, and his step-son Edward Bishop, age 37, and son Joseph Slavik, age 28, as contingent beneficiaries.

In April 1991 Mary died. Mr. Slavik signed a new beneficiary designation form[2] on July 12, 1991, and executed a will on July 22, 1991. On August 21, 1991, Mr. Slavik committed suicide. On the basis of these facts, the probate judge found that:

> [T]he only reasonable interpretation to the Court seems to me to be that the co-executors of the estate was simply to help to identify who these men were and not to designate that it would go to the estate by those words.

I believe the trial court's conclusion was clearly against the preponderance of the evidence for several reasons. First, if it was Mr. Slavik's intention that the insurance proceeds be paid to Joseph and Edward, personally, and not in their capacity as co-executors, it was unnecessary that Mr. Slavik make a new bene-

---

[1]A copy of the form executed in 1979 is reproduced at the end of this dissenting opinion.

[2]A copy of the relevant portion of this form is reproduced at the end of the majority opinion.

ficiary designation. The designation which he made in 1979 provided that the proceeds would be payable to them, individually, if Mary predeceased. While the majority opines that there is no evidence that Mr. Slavik was doing anything more than merely "updating" his insurance policy as the result of Mary's death, I suggest that there is likewise no evidence that he was doing anything less than intentionally changing the capacity in which Joseph and Edward were to receive the insurance proceeds.

Secondly, Mr. Slavik reflected his relationship to Edward and Joseph in his 1979 beneficiary designation form as "stepson" and "son," respectively. He also set forth their respective ages and addresses. This contrasts with the new designation form which he signed on July 12, 1991, where he reflected his relationship to Joseph and Edward to be "co-executors of estate," and did not list their birth dates or ages, nor their addresses, although the form provided space for this information. The address given in this form for the beneficiaries is that of the decedent, Mr. Slavik.

Finally, the trial court and the majority of this court rely most heavily on the words following "co-executors of estate" in holding that Mr. Slavik intended for the proceeds to pass to Joseph and Edward as individuals. The 1991 designation contained this provision following "co-executors of estate":

> or in the alternative the Estate of Insured, Rt. 4, Box 263, Mtn. Home, AR 72653

The majority opinion states that if Mr. Slavik had wanted the proceeds to go to Joseph and Edward in their representative capacities, there would obviously be no need for this additional language. However, an equally reasonable, and perhaps more logical, explanation for this language requires reference to Mr. Slavik's will. The fifth paragraph of the will provides:

> FIFTH: I hereby appoint JOSEPH SLAVIK AND EDWARD BISHOP as Co-Executors of this Will and request that no bond be required of either of them in that capacity. If either of them does not so act, I appoint first, WILLIAM MICHAEL SLAVIK to act in his stead; then, ROBERT SLAVIK, BONNIE A. TETTER, and DAVID RICHARD SLAVIK, in succession. I request that no bond

be required of any executor of this Will.

In this paragraph Mr. Slavik nominated Joseph and Edward as co-executors. He further provided for alternate co-executors in the event either Joseph or Edward would not or could not serve. The order of succession of these alternates is set forth. Rather than attempt to list the names of these four alternate co-executors in the limited space provided in the beneficiary designation form, Mr. Slavik simply listed his estate in the alternative. It is notable that this "in the alternative" provision was not entered in the space designated for contingent beneficiaries, but rather was included in the space designated for the primary beneficiary.

The majority cites *Carter* v. *Hochman*, 269 Cal. App. 2d 28, 74 Cal. Rptr. 667 (1969), as the only case it found with similar facts, and notes that the appellate court affirmed the trial court's finding that the deceased insured intended for the beneficiary to receive the insurance proceeds in her own right. The designation in that case listed a Mrs. Hochman as beneficiary and in the space under a heading entitled "Related to me as," the insured entered "administrator and executrix of my will." A significant distinction between that case and the case at bar is that in Carter v. Hochman the beneficiary, Mrs. Hochman, was not appointed either "administrator" or "executrix" of the insured's estate, nor was she nominated as such in the decedent's will. In the case at bar, Joseph and Edward were in fact nominated by Mr. Slavik's will and appointed by the probate court to serve as co-executors.

For the foregoing reasons I believe the trial court was clearly erroneous in its decision. I would reverse.

MAYFIELD, J., joins in this dissent.

81

2

20860 320-182543

Employees Payroll Number Employees Social Security Number Series W TEL-12 (5-76)

## The Equitable Life Assurance Society of the United States
(Name of Insurance Company)

### Designation of Beneficiary and Contingent Beneficiary
(Before Completing This Form, See the Reverse Side.)

In accordance with the conditions of Group Policy No. 12450, I hereby revoke any previous designations of beneficiary and contingent beneficiary (if any) and make the following designations of beneficiary and contingent beneficiaries:

I hereby designate as beneficiary, in the event of my death, in Certificate No. 320-182543

Name MARY A. SLAVIK (First) (Middle) (Last)
Relationship WIFE Age 60
Residing at RR#2 BOX 044 (Number) (Street)
City GASEVILLE State ARK Zip Code 72635

In the event said Beneficiary predeceases me, I designate as contingent beneficiaries,

1. Name EDWARD E BISHOP (First) (Middle) (Last)
Relationship STEP SON Age 37
Residing at 2700 N CLARK ST (Number) (Street)
City CHICAGO State IL Zip Code 60614

2. Name JOSEPH H SLAVIK (First) (Middle) (Last)
Relationship SON Age 28
Residing at 7315 S WHIPPLE (Number) (Street)
City CHICAGO State ILL Zip Code 60629

3. Name (First) (Middle) (Last)
Relationship Age
Residing at (Number) (Street)
City State Zip Code

For Office Use

In equal shares, or to the survivors in equal shares; or all to the survivor. The right to change the beneficiary and contingent beneficiary or beneficiaries hereby designated, within the consent is reserved.

Skokie Ill

(Signature of Witness) (Signature of Employee)

(Department) (Location)

**DO NOT ATTEMPT TO ERASE OR MAKE ANY CORRECTION; USE A NEW FORM.**

YOUR CERTIFICATE. DO NOT DUPLICATE AND SUBMIT WITH