Filed 10/18/13  Los Angeles Police Protective League v. City of Los Angeles CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LOS ANGELES POLICE PROTECTIVE LEAGUE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF LOS ANGELES et al.,<br><br>    Defendants and Respondents. | B247156<br><br>(Los Angeles County<br>Super. Ct. No. BC481380) |

        APPEAL from a judgment of the Superior Court of Los Angeles County,

Michael L. Stern, Judge.  Reversed with directions.

        Silver, Hadden, Silver, Wexler & Levine and Richard A. Levine for Plaintiff and

Appellant.

        Carmen A. Trutanich, City Attorney and Paul L. Winnemore, Deputy City

Attorney for Defendants and Respondents.

_____

The Los Angeles Police Protective League (League) appeals an order of dismissal entered after the trial court granted a motion for judgment on the pleadings as to the League's complaint for injunctive and declaratory relief. The League's complaint seeks relief from the City of Los Angeles and Chief of Police Charles Beck's (collectively, respondents) practice of establishing minimum penalties to be imposed on officers found guilty of repeating misconduct. The League contends that its complaint adequately stated causes of action for injunctive and declaratory relief, and that the dispute is ripe for adjudication. We agree and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

The League filed its complaint for injunctive and declaratory relief against respondents on March 22, 2012. The complaint alleges that the League is "an employee organization . . . recognized to represent sworn peace officers . . . within the ranks of police officers, police detectives, sergeants, and lieutenants employed by the Los Angeles Police Department/City of Los Angeles with regard to all matters concerning wages, hours and working conditions." "At all times mentioned herein, the [League's] represented employees were entitled to fair and meaningful administrative hearings, including pre-disciplinary [] proceedings conducted before the Board of Rights of the City of Los Angeles arising from proposed disciplinary actions as required by the Due Process Clauses of the Federal and State Constitutions, Los Angeles Charter Section 1070 [Charter], the Board of Rights Manual [Manual] and the Government Code Section 3300 et seq. [Public Safety Officers Procedural Bill of Rights (POBRA)] . . . . "

2

"At all times mentioned herein, Charter Section 1070 provided that no permanent peace officer employed in the Los Angeles Police Department may be subject to suspension and/or demotion, removed or otherwise separated from employment with the Police Department except upon a finding of guilty after a full, fair and impartial hearing before the Board of Rights . . . . " "Pursuant to Charter Section 1070 (h) members of the Board of Rights are composed of two (2) officers of the rank of Captain or above and an individual who is not a member of the Department." "Pursuant to Charter Section 1070 (n) the Board of Rights is vested, upon consideration of the evidence presented during hearing, with the authority to render findings of guilty or not guilty on each charge alleged by the Department against the accused officer."

"In the event the Board of Rights finds the accused officer guilty, it 'shall prescribe its penalty' for recommendation to the Police Chief and in 'prescribing the penalty, the Board shall look to the nature and gravity of the offense of which the member has been found guilty and may at its discretion review the departmental personnel history and record of the member.' (Charter Section 1070 (n)(o))"

The complaint further alleges that, within the last two years, respondents have been imposing "involuntary conditional Official Reprimands" (COR's) to penalize officers found guilty of misconduct, and that these COR's "establish[] a predetermined minimum disciplinary penalty which will be imposed in the event of a future commission of the same or similar misconduct by the officer." These COR's allegedly violate the League's "represented employees' constitutional rights to procedural due process and contravene[] the protections and purpose of" section 1070 of the Charter

3

and the Manual.  Specifically, the imposition of a COR "deprives the subject officer a full and meaningful opportunity to challenge a subsequent alleged complaint and penalty at the Board of Rights hearing" and "undermines the objective of procedural due process . . . by predetermining the penalty of a subsequent offense, rather than considering all the facts and circumstances . . . before reaching a decision on a recommended penalty."

Accordingly, the complaint seeks a declaration that respondents are precluded from issuing COR's, and to enjoin respondents from this practice.  Respondents filed their answer on April 19, 2012, generally denying the allegations in the complaint and asserting certain affirmative defenses.

On November 7, 2012, respondents filed a motion for judgment on the pleadings arguing that:  (1) the complaint was improperly vague pursuant to Code of Civil Procedure section 430.10, subdivision (f);[1] (2) the dispute was not ripe for adjudication; (3) the Charter provides due process to officers charged with misconduct; (4) the Police Department has the right to establish rules "for the consideration of prior discipline;" (5) the Manual prohibits review of an officer's prior penalties until an officer has been found guilty by the Board; and (6) injunctive relief is not available to the League because officers have an adequate remedy at law, namely, administrative appeal

---

[1]    Code of Civil Procedure, section 430.10, subdivision (f) provides that the court may sustain a demurrer when the pleading is uncertain.

4

hearings before the Board of Rights.[2]  Via the motion, respondents asked the court to take judicial notice of section 1070 of the Charter and the Manual.

The League filed an opposition arguing that:  (1) the complaint was not vague; (2) the alleged dispute was ripe for review; (3) it is irrelevant that the Board of Right's procedures comply with procedural due process because the complaint alleges that COR's violate those procedures; and (4) injunctive relief is proper because there is no adequate administrative remedy available to the League.  No reply was filed.

The court did not take judicial notice of the Charter or Manual, and granted the motion as follows:  "The motion is granted on the First Cause of Action for Injunctive Relief.  Injunctive relief is an equitable remedy and not a cause of action in California.  [Citation.]  The motion is granted as to the Second Cause of Action for Declaratory Relief.  The pleading as presented is vague as to which statutes are relied upon.  On what relief may be granted in the present factual context.  [Citations.]  Moreover, the controversy is not ripe for adjudication since no plaintiff was injured here.  [Citation.]  For that matter, an autonomous administrative body has the right to make its own rules.

---

[2]  Respondents' motion for judgment on the pleadings purported to "demur" to the complaint pursuant to Code of Civil Procedure, section 430.10 on the grounds that (1) the court had no jurisdiction of the subject of the alleged cause s of action; (2) the League did not have the legal capacity to sue; (3) the complaint did not state facts sufficient to constitute a cause of action; and (4) the pleading was uncertain.  However, a defendant may only move for judgment on the pleadings on the following grounds: (i) "[t]he court has no jurisdiction of the subject of the cause of action alleged in the complaint," and (ii) "[t]he complaint does not state facts sufficient to constitute a cause of action against that defendant."  (Code of Civ. Proc., § 438, subd. (c)(1)(B).)  As the motion did not argue that the court lacked subject matter jurisdiction, the motion, in essence, only challenged the complaint's attempt to state a cause of action.

Finally, the Court does not find that the due rights [sic] of any person have been violated." The case was dismissed and the League timely appealed.

***CONTENTIONS***

The League contends that the complaint adequately stated causes of action for injunctive and declaratory relief based on the allegations that respondents' issuance of COR's establishing minimum penalties for repeated misconduct conflicts with the Charter, Manual, POBRA and the due process clauses of the federal and state constitutions.

***DISCUSSION***

1.      *Standard of Review*

"The standard of review for a motion for judgment on the pleadings is the same as that for a general demurrer:  We treat the pleadings as admitting all of the material facts properly pleaded, but not any contentions, deductions or conclusions of fact or law contained therein.  We may also consider matters subject to judicial notice.  We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any theory.  [Citation.]" (*Dunn v. County of Santa Barbara* (2006) 135 Cal.App.4th 1281, 1298.)  When a demurrer is sustained without leave to amend, we review the decision to deny leave to amend to determine "whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion" in denying leave to amend.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  The burden of proving a reasonable possibility of curing the defect "is squarely on the plaintiff."  (*Ibid.*)

2.       *The Trial Court's Order*

The trial court granted the motion for judgment on the pleadings on five separate grounds:  (1) injunctive relief is a remedy, not a cause of action; (2) the complaint was "vague as to which statutes are relied upon;" (3) the controversy was not ripe because the League had not been injured; (4) "an autonomous administrative body has the right to make its own rules;" and (5) the League's members' due process rights had not been violated.

The League contends that each of these bases was inadequate, and respondents concede that (1) a cause of action for injunctive relief may be properly predicated on a declaratory relief cause of action; (2) "vagueness" is not a valid ground for granting a motion for judgment on the pleading; (3) it is irrelevant that "an autonomous administrative body has the right to make its own rules" because the complaint does not challenge the Police Department's authority to establish rules, but rather respondents' actions that allegedly violate those rules; and (4) that the League's members' due process rights have not been violated is not dispositive because the League also alleges that its members' rights under the Charter, Manual and POBRA were violated.[3]

However, respondents contend that the motion was properly granted because the declaratory relief cause of action does not allege specific facts showing that the controversy is ripe for review.  Respondents also make the additional arguments that the injunctive relief cause of action does not allege facts showing that the League is

---

**3**       Respondents expressly concede the first argument, and implicitly concede the second, third and fourth arguments by failing to address them.

threatened with an "irreparable injury," and the League has not shown that it could cure the complaint's defects through amendment.

3. *Declaratory Relief*

Code of Civil Procedure, section 1060 authorizes "[a]ny person . . . who desires a declaration of his or her rights or duties with respect to another . . . in cases of *actual controversy relating to the legal rights and duties of the respective parties,* [to] bring an original action . . . for a declaration of his or her rights and duties . . . ." (Code Civ. Proc., § 1060, italics added.) "The 'actual controversy' referred to in this statute is one which admits of definitive and conclusive relief by judgment within the field of judicial administration, as distinguished from an advisory opinion upon a particular or hypothetical state of facts." (*Selby Realty Co. v. City of San Buenaventura* (1973) 10 Cal.3d 110, 117.)

The League contends that the complaint adequately alleges an "actual controversy" based on the stated conflict between the issuance of COR's and the Board of Rights' duty to independently determine the punishment to be imposed on an officer found guilty of misconduct. However, respondents contend that the complaint does not state an "actual controversy" because the conflict is not "ripe" without specific allegations showing that an officer's due process rights were violated by the imposition of a minimum penalty. Respondents further argue that the Board of Rights would never impose a minimum penalty established by a COR precisely because doing so would violate the Charter and Manual.

8

a.    *Lack of Specific Facts Showing Individual
        Violations Have Occurred*

" 'The "actual controversy" language in Code of Civil Procedure section 1060 encompasses a probable *future controversy* relating to the legal rights and duties of the parties.  [Citation.]  [However,] [f]or a probable future controversy to constitute an "actual controversy," [] the probable future controversy must be ripe.  [Citations.] A "controversy is 'ripe' when it has reached, *but has not passed,* the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made." [Citation.] . . . [Citation.]' "  (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 606.)

"A two-pronged test is used to determine the ripeness of a controversy: (1) whether the dispute is sufficiently concrete so that declaratory relief is appropriate; and (2) whether the parties will suffer hardship if judicial consideration is withheld. [Citation.]  'Under the first prong, the courts will decline to adjudicate a dispute if []the abstract posture of [the] proceeding makes it difficult to evaluate . . . the issues [citation], if the court is asked to speculate on the resolution of hypothetical situations [citation], or if the case presents a "contrived inquiry [citation]."  Under the second prong, the courts will not intervene merely to settle a difference of opinion; there must be an imminent and significant hardship inherent in further delay.' [Citation.]" (*City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 64.)

Here, respondents contend that the controversy is not sufficiently concrete and that there is no "imminent" hardship because the allegations in the complaint are too

9

general and fail to allege specific facts showing that any officer has been subjected to a minimum penalty. Even if this controversy were not sufficiently concrete without such allegations, leave to amend should have been granted because the League argues that it could allege such facts.

Furthermore, declaratory relief does not require that a plaintiff establish an injury prior to seeking relief. The primary purpose of declaratory relief is to settle an actual controversy *before* it has ripened into a violation of an obligation or a breach of duty. (*Rimington v. General Accident Group of Ins. Cos.* (1962) 205 Cal.App.2d 394; *Roberts v. Los Angeles County Bar Assn.* (2003) 105 Cal.App.4th 604.) " 'Another purpose is to liquidate doubts with respect to uncertainties or controversies which might otherwise result in subsequent litigation . . . . ' [Citation.]" (*Venice Town Council, Inc. v. City of Los Angeles* (1996) 47 Cal.App.4th 1547, 1566.) Accordingly, the League was not required to show that minimum penalties have been imposed on its members.

Furthermore, although the trial court cannot issue an "advisory opinion upon a . . . hypothetical set of facts," such an exercise is not required here. If the court were to resolve the League's claims, the court would have to interpret the provisions at issue in the Charter, Manual, POBRA, and the federal and state constitutions to determine whether they conflict with respondents' imposition of minimum penalties. The issue could be resolved without resort to a hypothetical set of facts as it involves a pure legal question of statute and contract interpretation.

In addition, the League is not challenging any specific decision or order by the Board of Rights or Chief of Police such that the complaint need allege the details of

10

a particular penalty imposed on any individual officer. Instead, the League seeks to address respondents' policy of issuing COR's in violation of the Board of Rights process. "[D]eclaratory relief has been held to be the proper remedy when it is alleged an agency has a policy of ignoring or violating applicable laws. [Citation.]" (*Venice Town Council, Inc. v. City of Los Angeles, supra,* 47 Cal.App.4th at p. 1566.) "[J]udicial economy strongly favors the use of declaratory relief to avoid a multiplicity of actions to challenge the City's . . . alleged policies. [Citations.]" (*Ibid.*) The League's complaint alleges that respondents' imposition of COR's establishing mandatory minimum penalties is a recurring problem. "As against the piecemeal review of similar issues by individual challenges," challenging the overarching policy through the present action for declaratory relief would be "singularly economical." (*Id.,* at p. 1567.)

Furthermore, a reasonable inference can be drawn from the complaint that minimum penalties will be imposed on officers who repeat misconduct based on the authority of respondents − the Chief of Police and the City − over the Board of Rights, and the complaint's allegation that the minimum penalties are "establish[ed]," not suggested or recommended. Accordingly, we conclude that the complaint has adequately alleged facts showing an imminent hardship and the existence of an "actual controversy" between the parties.

      b.     *Lack of Conflict Between Respondents and the Board of Rights*

Respondents also contend that the complaint does not allege facts showing that their issuance of COR's "has any effect upon, or violates the rights and procedures

afforded to the League's members" because, under the Charter and Manual, the Board of Rights is not allowed to consider COR's "in determining a penalty recommendation upon finding an officer guilty of misconduct." By this argument, respondents concede that the Board of Rights may not impose mandatory minimum penalties without violating the League's members' rights.

Respondents appear to be attempting to moot any "actual controversy" and thereby dispose of the declaratory relief claim through this concession. There are multiple reasons why they may not do so. First, respondents may not raise this argument for the first time on appeal. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1138.) Second, respondents' argument defies common sense. According to the complaint's allegations, the Chief of Police and the City have been "establish[ing]" minimum penalties which "predetermine[] minimum disciplinary penalt[ies]" for officers found guilty of repeating misconduct. Respondents' claim that the Board of Rights − which, according to the complaint, consists primarily of officers subordinate to the Chief of Police and employed by the City − could and would simply ignore these orders based on the Board of Rights' own contrary interpretation of the Charter's and Manual's provisions is unlikely. Respondents' argument also suggests the unlikely conclusion that the Chief of Police and the City are issuing orders for penalties with the understanding that they cannot be enforced.

Lastly, it is unclear why respondents filed an answer denying all of the complaint's allegations if all parties agree that the imposition of these minimum penalties is not permitted by the Charter and Manual.

12

### 4.  *Injunctive Relief*

Respondents acknowledge that a request for injunctive relief may be properly predicated on another cause of action.  Here, as explained above, the underlying cause of action for declaratory relief was adequately alleged.  However, respondents still contend that the complaint did not state a cause of action for injunctive relief because there was no irreparable injury alleged.  "[I]n order to obtain injunctive relief the plaintiff must ordinarily show that the defendant's wrongful acts threaten to cause *irreparable* injuries, ones that cannot be adequately compensated in damages. [Citation.]"  (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1352.)

Respondents argue that the complaint did not allege facts showing an irreparable injury because the League did not exhaust its administrative remedies.  Specifically, respondents argue that the League's members may opt for a hearing before the Board of Rights where they will have the opportunity of challenging the imposition of any unfair penalties.  This argument relies on circular logic.  The complaint alleges that the League's members are being denied the procedural safeguards provided for by the Charter and Manual with respect to a Board of Rights hearing.  Therefore, respondents' argument that the League's members must rely on the Board of Rights' process to address their grievance here ignores the complaint's allegations.

Respondents also argue that the League's members have an adequate legal remedy available to them because any individual officer may challenge a penalty recommendation by the Board of Rights by filing a petition for writ of administrative mandate.  However, here, the complaint's purpose is not to reverse the Board of Rights'

13

penalty recommendation as to any particular officer. This action is designed to address the broader problem of respondents' policy of establishing minimum penalties in violation of the League's members' rights. A writ for administrative mandate in any one particular case would not reach respondents' issuance of COR's, and therefore, would not provide an adequate remedy of law to the League's claims here. (*Knoff v. City and County of San Francisco* (1969) 1 Cal.App.3d 184, 199 [holding that the trial court correctly determined that the petitioner taxpayers did not have a precedent remedy in the form of appealing assessments to the Board of Equalization where petitioners did not seek judicial relief from any specific assessment but rather to bring about correction of wholesale deficiencies in the assessment process].)

## *DISPOSITION*

The judgment is reversed.  The trial court is ordered to vacate its order granting the motion for judgment on the pleadings and enter a new order denying the motion for judgment on the pleadings.  The League shall recover its costs on appeal.


## *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*


CROSKEY, J.

WE CONCUR:



KLEIN, P. J.



KITCHING, J.